**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIKE DOBINA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEATHERFORD INTERNATIONAL LTD., BERNARD J. DUROC-DANNER, ANDREW P. BECNEL, JESSICA ABARCA and CHARLES E. GEER, JR.,<br><br>Defendants. | 11 Civ. 01646-DLC |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC RETIREMENT SYSTEMS FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. ARGUMENT .......... 3

A. The Public Retirement Systems Satisfies the Exchange Act's Lead Plaintiff Requirements and Should Be Appointed Lead Plaintiff .......... 3

1. The Public Retirement Systems Has Timely Moved for Appointment as Lead Plaintiff .......... 4

2. The Public Retirement Systems Has the Requisite Financial Interest in the Relief Sought by the Class .......... 4

3. Congress Expressly Envisioned that Institutional Investors Like the Public Retirement Systems Would Be Appointed as Lead Plaintiffs in Securities Fraud Class Actions .......... 5

4. The Public Retirement Systems Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure .......... 5

B. The Court Should Approve the Public Retirement Systems' Selection of Lead Counsel .......... 7

IV. CONCLUSION .......... 8

Class member and lead plaintiff movants Fulton County Employees' Retirement System ("Fulton County"), City of Grand Rapids General Retirement System (the "Grand Rapids General Fund"), City of Grand Rapids Police & Fire Retirement System (the "Grand Rapids Police & Fire Fund") and the Fort Worth Employees' Retirement Fund ("Fort Worth") (collectively, the "Public Retirement Systems"), respectfully submits this memorandum of law in support of its motion for appointment of the Public Retirement Systems as Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4; and approval of the Public Retirement Systems' selection of lead counsel pursuant to §21D(a)(3)(B)(v) of the Exchange Act.

## I. INTRODUCTION

Presently pending before this Court is a securities fraud class action brought on behalf of all investors who purchased or otherwise acquired the securities of Weatherford International Ltd. ("Weatherford" or the "Company") during the Class Period.[1] The "Class Period" is defined as between April 25, 2007 and March 1, 2011, inclusive. ¶1.[2] The action is brought pursuant to §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). ¶7. Defendants include Weatherford and certain executives of the Company. ¶¶12-16.

Pursuant to §21D(a)(B)(iii) of the Exchange Act, the Court is to appoint the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

---

[1] An additional securities class action is pending against Weatherford in the Central District of California, *Kanchanapoom v. Weatherford International Ltd.*, 2:11-cv-01895-JFW (the "*Kanchanapoom* Action"). The claims and allegations in the *Kanchanapoom* Action are substantially related to those here. The Public Retirement Systems is simultaneously moving for its appointment as Lead Plaintiff in both actions.

[2] All ¶ and ¶¶ references are to the Complaint.

Pursuant to §21D(a)(3)(B)(v) of the Exchange Act, the Court is also to approve the Lead Plaintiff's selection of Lead Counsel. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Public Retirement Systems should be appointed as Lead Plaintiff because: (1) its motion is timely filed; (2) to the best of its knowledge, the Public Retirement Systems possesses the largest financial interest in the litigation of those who are seeking appointment as lead plaintiff; and (3) the Public Retirement Systems will adequately represent the interests of the entire putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). The Public Retirement Systems' selection of the law firm of Scott+Scott LLP ("Scott+Scott") to serve as Lead Counsel for the Class should also be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. FACTUAL BACKGROUND

This is a securities class action brought on behalf of all persons or entities, except for defendants, who purchased or otherwise acquired the securities of Weatherford during the Class Period against the Company and certain of its officers and/or directors for violations of the Exchange Act. ¶¶1-6, 59.

According to the Complaint, in contrast to Defendants' public statements during the Class Period, Weatherford and certain of its executive officers knew or recklessly disregarded that the Company's Class Period statements concerning Weatherford's business, operations and prospects were materially false and misleading, including that: (1) the Company improperly accounted for income taxes relating to intercompany amounts and foreign tax assets; (2) the Company's financial results were materially misstated during the Class Period; (3) the Company's financial results were not prepared in accordance with Generally Accepted Accounting Principles; (4) that the Company lacked adequate internal and financial controls; and (5), as a result of the above, the Company's financial statements were materially false and misleading. ¶¶50, 54-58.

The Complaint alleges that, on March 1, 2011, Weatherford stated it would be forced to restate its previously issued financial results for the years ended December 31, 2007, 2008 and 2009 and quarterly periods ended March 31, June 30 and September 30, 2010, to reduce its

previously reported net income by an estimated $500 million comprising $460 million in errors related to intercompany accounts and $40 million related to foreign tax assets. ¶¶3, 51. On March 2, 2011, Weatherford announced, during a conference call with investors, that the Company had a material weakness in its internal controls over financial reporting, specifically related to accounting for income taxes. ¶52. The Complaint further alleges that, on this news, Weatherford shares declined $2.38 per share, to close on March 2, 2011, at $21.14 per share. ¶¶4, 53.

## III. ARGUMENT

### A. The Public Retirement Systems Satisfies the Exchange Act's Lead Plaintiff Requirements and Should Be Appointed Lead Plaintiff

The Exchange Act establishes the procedure governing the appointment of a lead plaintiff in private securities fraud class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 04617 (RJH), 2006 WL 197036, at *2 (S.D.N.Y. Jan. 25, 2006). Here, the requisite Early Notice was published on March 10, 2011 via *Business Wire*. *See* Declaration of David R. Scott ("Scott Decl."), filed herewith, Ex. A. As that notice triggered the 60-day deadline for moving for appointment as lead plaintiff, the deadline is May 9, 2011, and this motion is timely.

Second, the Exchange Act provides that within 90 days after publication of the Early Notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). Under

this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process" and appointed to serve as lead plaintiff. *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (J. Scheindlin). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member plaintiff who: (1) has either filed a complaint or moved for lead plaintiff in response to a notice; and (2) "has the largest financial interest in the relief sought" that otherwise satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) and *id.* Second, so long as that presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff. *Id.*

**1. The Public Retirement Systems Has Timely Moved for Appointment as Lead Plaintiff**

All putative class members who seek appointment as lead plaintiff in this matter are required to move for appointment within 60 days of the initial publication of the Early Notice. 15 U.S.C. §78u-4(a)(3)(A)-(B). Here, the Public Retirement Systems is hereby timely moving this Court to be appointed lead plaintiff within 60 days of the March 10, 2011 Early Notice. The Public Retirement Systems has submitted Certifications of its members stating their willingness to serve as a representative party on behalf of the Class. *See* Scott Decl., Ex. B.

**2. The Public Retirement Systems Has the Requisite Financial Interest in the Relief Sought by the Class**

The Public Retirement Systems suffered market losses of over $4.2 million on its Class Period purchases of Weatherford securities as a result of Defendants' false and misleading statements.[3] *See* Scott Decl., Ex. C. Movant is not aware of any other lead plaintiff applicant with a larger financial interest in the litigation. Because the Public Retirement Systems has the

3 The total potential recoverable losses suffered by lead plaintiff movants are not the same as their legally compensable damages, measurement of which is often a complex legal question that cannot be determined at this stage of the litigation. The approximate losses, however, can be determined from the Certification requirement under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and are based upon reference to information concerning the current market for the Company's shares.

requisite financial interest and, as discussed below, its members otherwise satisfy all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, it should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Congress Expressly Envisioned that Institutional Investors Like the Public Retirement Systems Would Be Appointed as Lead Plaintiffs in Securities Fraud Class Actions

Congress reasoned that increasing the role of larger investors, like the Public Retirement Systems, which typically have a larger financial stake in the outcome of the litigation, would be beneficial because investors with a large financial stake are more apt to effectively manage complex securities litigation. *See* Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 697, 733. ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."). Indeed, courts have found that the appointment of institutional investors is consistent with the legislative intent of the PSLRA. *See In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 99-100 & n.23 (S.D.N.Y. 2005); *see also In re UBS Auction Rate Sec. Litig*., No. 08 Civ. 2967 (LMM), 2008 WL 2796592, at *4 (S.D.N.Y. July 16, 2008) ("the PSLRA reflects a preference on the part of the Congress that passed it that institutional investors are the most desirable lead plaintiffs").

Here, the Public Retirement Systems, comprised of institutional investors possessing significant financial stakes in this litigation, is precisely the type of lead plaintiff envisioned by Congress and, therefore, should be appointed.

### 4. The Public Retirement Systems Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four

requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a).

Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make finding as to the typicality and adequacy of the proposed lead plaintiff, and that finding need only be "preliminary" at this stage. *See Tronox*, 262 F.R.D. at 343. "'Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class.'" *Id.* (citations omitted).

The Public Retirement Systems satisfies the typicality requirement because, like all other class members, its members purchased securities of Weatherford at prices artificially inflated by the allegedly materially false and misleading statements issued by Defendants and suffered damages thereby. Thus, the Public Retirement Systems' claims are typical of those of other class members since its claims and the claims of other class members arise out of the same conduct and course of events.

The Public Retirement Systems is also "adequate" because its interests are aligned with the interests of the Class and because both suffered from the same artificial inflation of the price of Weatherford securities and would benefit from the same relief. The Public Retirement Systems' members have amply demonstrated that they will adequately serve as class representatives, both by signing sworn Certifications affirming the group members' willingness

to serve as, and to assume the responsibilities of, class representatives, and by submitting a declaration evidencing the group's willingness to effectively prosecute this action collectively. *See* Scott Decl., Ex D. Moreover, there is no evidence of antagonism between the Public Retirement Systems and the putative class. Finally, as shown below, the Public Retirement Systems' proposed lead counsel for the class, Scott+Scott, is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Therefore, the Public Retirement Systems *prima facie* satisfies all of the requirements of Rule 23 for the purposes of its Motion.

### B. The Court Should Approve the Public Retirement Systems' Selection of Lead Counsel

Pursuant to §27(a)(3)(B)(v) of the Exchange Act, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the Public Retirement Systems has selected Scott+Scott to serve as Lead Counsel.

Scott+Scott is a firm with substantial experience in the prosecution of shareholder and securities class actions and possesses the resources necessary to efficiently conduct this litigation. *See* Scott Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions, recovering hundreds millions of dollars for lead plaintiffs and others harmed by corporate fraud and mismanagement.[4] For instance, commenting on the speed,

[4] Some recoveries of note for Scott+Scott include: settlement of $80 million for a class of purchasers of Priceline stock in *In re Priceline.com Sec. Litig.*, No. 00-01844 (D. Conn.), a $122 million settlement for purchasers of Mattel stock in *Thurber v. Mattel, Inc.*, No. 99-10368 (C.D. Cal.). Additional recent securities settlements obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Emulex Corp. Sec. Litig.*, No. 01-00219 (C.D. Cal.) (settlement of $39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Cir. Ct. Jackson County, Mo.) (settlement of $50 million); *In re Northwestern Corp. Sec. Litig.*, No. 03-04049 (D.S.D.) (settlement of $61 million); *Irvine v. Imclone* Systems*, Inc.*, No. 02-00109 (S.D.N.Y.) (settlement of $75 million); *Schnall v. Annuity and Life Re (Holdings) Ltd.*, No. 02-02133 (D. Conn.) (settlement of $27 million); *In re Qwest Communications International, Inc.*, No. 02-08188 (Colorado District Court, City and County of Denver) (shareholder derivative settlement including significant corporate governance reforms and $25 million for the company); and *In re Lattice Semiconductor Corp. Deriv. Litig.*, No. 043327 (Cir. Ct. Oregon) (significant monetary recovery and business reforms, including termination of the then-CEO, termination and adoption of significant changes to the company's auditing, insider trading, executive compensation and other internal practices).

legal acumen and tenacity Scott+Scott partners employed in obtaining a temporary restraining order enjoining the "off shore transfer of . . . approximate[ly] $1 billion in assets" held by Madoff "feeder funds," one court recently found that:

> It is this Court's position that Scott+Scott did a superlative job in its representation . . . . For the record, it should be noted that Scott+Scott has demonstrated a remarkable grasp and handling of the extraordinarily complex matters in this case. The extremely professional and thorough means by which [Scott+Scott] has litigated this matter has not been overlooked by this Court. They have possessed a knowledge of the issues presented and this knowledge has always been used to the benefit of all investors.

*New York University v. Ariel Fund Limited*, No. 603803/08, Opinion at 9-10 (New York State Supreme Court, New York County, Feb. 22, 2010), Scott Decl., Ex. F.

Accordingly, the Court should approve Movant's selection of Scott+Scott as Lead Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) appoint the Public Retirement Systems as Lead Plaintiff; (2) approve the Public Retirement Systems' selection of Scott+Scott to serve as Lead Counsel; and (3) order such other relief as the Court may deem just and proper.

DATED: May 9, 2011

SCOTT+SCOTT LLP

/s/ David R. Scott
DAVID R. SCOTT (DS-8053)
DONALD BROGGI
JOSEPH P. GUGLIELMO (JG-2447)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: drscott@scott-scott.com
dbroggi@scott-scott.com
jguglielmo@scott-scott.com

MARY K. BLASY
HAL CUNNINGHAM
707 Broadway, 10th Floor
San Diego, CA 92101
Tel.: (619) 233-4565
Fax (619) 233-0508
Email: mblasy@scott-scott.com
hcunningham@scott-scott.com

*Counsel For Proposed Lead Plaintiff Public Retirement Systems*

CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 9, 2011.

/s/ David R. Scott

DAVID R. SCOTT
500 Fifth Avenue, 40th Floor
New York, NY 10110
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: drscott@scott-scott.com