UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
MIKE DOBINA, Individually and on Behalf of :
All Others Similarly Situated,                    :
                                                  :
                          Plaintiff,              :
                                                  :
             vs.                                  :
                                                  :
WEATHERFORD INTERNATIONAL LTD.,      :
et al.,                                           :
                                                  :
                          Defendants.             :
                                                  :
———————————————————— x

Civil Action No. 1:11-cv-01646-DLC

CLASS ACTION

MEMORANDUM OF LAW IN SUPPORT
OF THE PENSION TRUST FUND FOR
OPERATING ENGINEERS' MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL

623154_1

The Pension Trust Fund for Operating Engineers (the "Pension Trust Fund") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.    INTRODUCTION

Presently pending in this district is a securities class action lawsuit on behalf of purchasers of Weatherford International, Ltd. ("Weatherford" or the "Company") securities between April 25, 2007 and March 1, 2011, inclusive (the "Class Period") against the Company and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act").[1]  In securities class actions, the PSLRA requires district courts to "consider any motion made by a purported class member" and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

The Pension Trust Fund should be appointed as lead plaintiff because: (1) it timely filed this motion; (2) to its counsel's knowledge, it has the largest financial interest in the relief sought by the class; and (3) it will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Trust Fund's selection of Robbins Geller as lead counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

---

[1]      There is also a related action pending in the U.S. District Court for the Central District of California, *Kanchanapoom v. Weatherford Int'l, Ltd.*, CV11-01895 (filed Mar. 4, 2011).  The Pension Trust Fund is also filing a motion for appointment as lead plaintiff in the *Kanchanapoom* action.

## II.    FACTUAL BACKGROUND

Weatherford is a provider of equipment and services used in the drilling, evaluation, completion, production and intervention of oil and natural gas wells.  The Company operates in over 100 countries and has manufacturing facilities and sales, service and distribution locations in nearly all of the oil and natural gas producing regions in the world.  The Company's stock trades on the New York Stock Exchange ("NYSE").

Throughout the Company's history and during the Class Period, defendants were keenly focused upon reducing the Company's effective tax rate, minimizing the amount of taxes the Company paid and maximizing deductions taken.  Defendants' business strategy was to avoid or delay the payment of income taxes.  As part of this strategy, defendants twice reincorporated the Company in an effort to exploit more lenient tax statutes and treaties.  Defendants' scheme to improperly reduce the Company's tax liability had the effect of overstating net income and earnings per share ("EPS") and understating the effective tax rate – thereby casting the Company in a false and misleading positive light.

Plaintiff alleges that during the Class Period, Weatherford and the Individual Defendants, in furtherance of a fraudulent course of conduct, caused the Company to repeatedly falsely report that its financial results, including revenues, earnings and expenses, and in particular, income tax expenses, were reported in accordance with Generally Accepted Accounting Principles ("GAAP").  Defendants materially misrepresented the true financial condition of the Company in press releases and annual and quarterly reports filed with the SEC, throughout the Class Period, as well as in investor conference calls.  Defendants' false financial reporting of the Company's reported tax expense and earnings resulted in a false and misleading presentation of the Company's overall financial condition.  Specifically, manipulations of the Company's tax position caused the Company

- 2 -

to underreport aggregate income tax expense by roughly 40%, inflate aggregate net income by more than 20% and understate the effective tax rate by approximately 10% (from 30% to 20%) over the four-year period.

As late as October 18, 2010, the Company reported that it was experiencing strong market conditions which had resulted in a 100% increase in third quarter 2010 diluted EPS over 2009. Further, the Company stated that it expected strong earnings results for its fourth quarter 2010 and fiscal 2011. On January 25, 2011, the Company reported strong fourth quarter fiscal 2010 results and indicated that it had advanced its efforts to further strengthen its global tax planning efforts. In addition, the Company reiterated that it expected to report $1.30 per share in fiscal 2011 and that the "pace of recovery is expected to accelerate through the year and gain further momentum in 2012." After the January 25, 2011 reported results and financial outlook, Weatherford's share price experienced a sustained increase, reaching a high of $26.08 on February 17, 2011.

On March 1, 2011, the Company filed Forms 8-K and 12-25(b) with the SEC informing investors that the Company would be unable to timely file its fiscal 2010 Form 10-K. Defendants disclosed that the Company had identified a material weakness with its internal controls related to financial reporting for income taxes and that the Company's financial figures for the years 2007-2010 failed to comply with GAAP and would be restated. On this news, the Company's stock price fell from $23.52 on March 1, 2011 to a low of $19.56 on March 2, 2011, before closing at $21.14, a decline of 10% on massive volume of 105 million shares.

On March 8, 2011, the Company filed its SEC Form 10-K for the period ending December 31, 2010. The Form 10-K contained financial results for fiscal 2010 and restated financial results for fiscal 2008 and 2009. The Form 10-K contained the following statements concerning the Company's restatement and the prior falsity of its financial statements:

- 3 -

We identified a material weakness in our internal controls over the accounting for income taxes in 2010 that resulted in the identification of certain errors in our income tax accounts. The correction of these errors resulted in restatements of our previously reported financial statements as of and for the years ended December 31, 2009 and 2008, including beginning retained earnings in 2008, and our condensed consolidated financial statements for each of the quarters within 2009 and 2010.

The most significant adjustment for the errors identified relates to the correction of our accounting for the income tax consequences of certain intercompany transactions that were inappropriately tax-effected over multiple years. This error resulted in the understatement of income tax expense by $100 million and $106 million in 2009 and 2008, respectively.

A similar error was identified in 2007 that understated income tax expense by $154 million. The impact of the 2007 error is included as an adjustment to the 2008 beginning retained earnings.

The Class Period representations by defendants concerning the Company's financial condition and, in particular, its reported financial statements, its forecasted earnings results, and the adequacy of its internal controls were each materially false and misleading when made because defendants failed to disclose the true facts which were known to defendants or recklessly disregarded:

- The Company's current and historical reported financial results were false and reported in violated of GAAP, including but not limited to provisions for reporting income taxes;

- The Company's Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley") §302 and §906 certifications regarding its internal controls over financial reporting were false;

- Defendants' representations in the Proxy Statement soliciting shareholder approval to reincorporate the Company in Switzerland was materially false and misleading; and

- In light of the above, defendants had no reasonable basis for its quarterly and fiscal financial forecasts made to the public.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities when the truth was revealed, plaintiff and the class suffered significant losses and damages.

- 4 -

623154_1

## III.     ARGUMENT

### A.     The Pension Trust Fund Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Trust Fund meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1.     This Motion Is Timely

The notice published in this action on March 10, 2011 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from March 10, 2011, or May 9, 2011. *See* Declaration of David A. Rosenfeld in Support of the Pension Trust Fund for Operating Engineers' Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because the Pension Trust Fund's motion is timely filed, it is entitled to be considered for appointment as lead plaintiff.

- 5 -

### 2.    The Pension Trust Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Trust Fund purchased more than 819,000 shares, held 316,500 shares at the end of the Class Period, and lost approximately $929,400 due to defendants' alleged misconduct. *See* Rosenfeld Decl., Ex. B.[2]  To the best of its counsels' knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest.  Therefore, the Pension Trust Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.    The Pension Trust Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "The Rule 23 inquiry under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires."  *Linn v. Allied Ir. Banks, PLC*, 2004 U.S. Dist. LEXIS 24655, at *13 (S.D.N.Y. 2004).  "At this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied."  *Id.* at *13-*14.

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'"  *Id.* at *14 (citation omitted).  Here, the Pension Trust Fund purchased Weatherford securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and/or omissions and suffered damages thereby.  The Pension Trust Fund's "claims therefore arise from the

---

[2]    The Pension Trust Fund's losses are the same regardless of whether the First In, First Out ("FIFO") or Last In, Last Out ("LIFO") method is used.

same factual predicate as those in the" Complaint.  *Id.* at *15.  Thus, the Court should find that the Pension Trust Fund satisfies Rule 23's typicality requirement at this stage.

"The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy."  *Id.* at *15-*16.  Here, the Pension Trust Fund has demonstrated its ability and willingness to prosecute this action by filing its certification as well as by retaining qualified counsel.  *See* Rosenfeld Decl., Exs. B-C.  The Pension Trust Fund is not subject to unique defenses and there is no evidence that he "seeks anything other than 'the greatest recovery for the class consistent with the merits of the claims.'"  *Linn*, 2004 U.S. Dist. LEXIS 24655, at *17 (citation omitted).  As such, the Pension Trust Fund satisfies the adequacy requirement at this stage.

### B.    The Court Should Approve the Pension Trust Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Pension Trust Fund has selected Robbins Geller to serve as lead counsel.  *See* Rosenfeld Decl., Ex. C.  Robbins Geller "has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively."  *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, 2010 U.S. Dist. LEXIS 103218, at *16 (E.D.N.Y. 2010).  Indeed, "Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig.*, No. 01-H-3624, 2005 U.S. Dist. LEXIS 41240, 2005 WL 3504860 (S.D. Tex. Dec. 22, 2005), as well as several cases filed in the

623154_1

district courts within the Second Circuit." *Id.* at *18.  Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Pension Trust Fund's selection of Robbins Geller as lead counsel should be approved.

## IV.    CONCLUSION

The Pension Trust Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Trust Fund respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  May 9, 2011                          Respectfully submitted,
                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             SAMUEL H. RUDMAN
                                             DAVID A. ROSENFELD


                                                    s/ David A. Rosenfeld
                                             ————————————————————
                                                 DAVID A. ROSENFELD

                                             58 South Service Road, Suite 200
                                             Melville, NY  11747
                                             Telephone:  631/367-7100
                                             631/367-1173 (fax)
                                             srudman@rgrdlaw.com
                                             drosenfeld@rgrdlaw.com

                                             ROBBINS GELLER RUDMAN
                                               & DOWD LLP
                                             DARREN J. ROBBINS
                                             DANIELLE S. MYERS
                                             655 West Broadway, Suite 1900
                                             San Diego, CA  92101
                                             Telephone:  619/231-1058
                                             619/231-7423 (fax)
                                             darrenr@rgrdlaw.com
                                             dmyers@rgrdlaw.com

                                             [Proposed] Lead Counsel for Plaintiff

- 8 -

623154_1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 9, 2011.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

623154_1

## Mailing Information for a Case 1:11-cv-01646-DLC

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lionel Z. Glancy**
  lglancy@glancylaw.com,dmacdiarmid@glancylaw.com,mmgoldberg@glancylaw.com,pbinkow@glancylaw.com,info@glancylaw.com,cturner@glancylaw.com

- **Kevin H. Metz**
  kevin.metz@lw.com

- **Peter A. Wald**
  peter.wald@lw.com,jessica.bengels@lw.com,jason.grossman@lw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Jala Amsellen**
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

**Michael Goldberg**
Glancy Binkow & Goldberg, LLP (CA)
1801 Avenue of the Stars
Suite 311
Los Angeles, CA 90067

**Sarah A. Greenfield**
Latham & Watkins LLP (NY)
885 Third Avenue
New York, NY 10022

**Robert V. Prongay**
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

**Howard G. Smith**
Smith & Smith
3070 Bristol Pike
Suite 112
Bensalem, PA 19020