**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MIKE DOBINA, on behalf of himself and all
others similarly situated,

               Plaintiff,

vs.

WEATHERFORD INTERNATIONAL LTD.,
BERNARD J. DUROC-DANNER, ANDREW
P. BECNEL, JESSICA ABARCA and
CHARLES E. GEER, JR.,

               Defendants.

11 Civ. 01646-DLC

## THE PUBLIC RETIREMENT SYSTEMS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S DECISION APPOINTING AFME LEAD PLAINTIFF

Acknowledging that proper requests for reconsideration are extremely rare, movants respectfully request that this Court reconsider its June 27, 2011 lead plaintiff decision pursuant to Federal Rule of Civil Procedure 59(e) and Southern District of New York Local Rule 6.3.

## PRELIMINARY STATEMENT

On June 24, 2011 at 4:00 p.m., this Court heard oral argument on the three competing lead plaintiff motions made in the above-captioned matter by the "Public Retirement Systems" (Fulton County Employees' Retirement System, City of Grand Rapids General Retirement System, City of Grand Rapids Police & Fire Retirement System and the Fort Worth Employees' Retirement Fund), "AFME" (the American Federation of Musicians and Employers' Pension Fund) and the "Pension Trust Fund" (the Pension Trust Fund for Operating Engineers).

After hearing responses to the Court's own direct questions and the oral argument of counsel, the Court selected AFME as lead plaintiff and approved its selection of lead counsel. On June 27, 2011, the Court entered an order appointing AFME lead plaintiff.

Because the Court's lead plaintiff decision was based on an error of fact as to whether AFME actually "retained" shares at the end of the Class Period that it purchased during the Class Period at fraud-inflated prices– *having been told by AFME that it did when it did not* – and an error of law as to whether AFME's failure to timely respond to defendants' petition for transfer before the Judicial Panel on Multi-District Litigation ("MDL petition") will adversely affect the classes' interest – *having been told by AFME it would not when it will* – the Court's lead plaintiff decision should be vacated. The proceedings are still in their infancy, AFME was just appointed today and the Public Retirement Systems can file its amended complaint by the date agreed to by AFME. As the Court stated at the June 24th hearing that it would appoint the movant with the "strongest submission," which AFME's clearly *is not*, the Public Retirement Systems respectfully requests that the Court reverse its decision appoint AFME and appoint the Public Retirement Systems lead plaintiff.

## STANDARD FOR MOTION FOR RECONSIDERATION

"To prevail on a motion for reconsideration, the movant must demonstrate that a court overlooked factual matters or controlling decisions that might reasonably be expected to alter the conclusion reached." *Hedgeco, LLC v. Schneider*, No. 08 Civ. 494 (SHS), 2009 WL 1309782, at *2 (S.D.N.Y. May 7, 2009) (internal citation omitted) (granting motion for reconsideration of denial of summary judgment motion where the court overlooked facts). Although the "standard for granting such a motion is strict," *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995) (finding no error where lower court granted motion for reconsideration), the court will grant such a motion where it failed to take account of evidence which, if considered by the court, would have mandated a different result. *See*, *e.g.*, *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir.1964) (Friendly, J.) (holding Rule 60(b)(1) encompasses the court's errors of law); *see also In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir.2003) ("Judge Friendly's approach has remained the law of this circuit."); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

The decision to grant or deny a motion for reconsideration lies within the sound discretion of the district court, but under the Private Securities Litigation Reform Act of 1995, courts are responsible for the appointment of a lead plaintiff in a class action, and "[c]ourts have interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." *In re NYSE Specialists Sec. Litig*., 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (internal quotation and citation omitted); *see also Levitt v. Rogers,* 257 Fed. Appx. 450, 452 (2nd Cir. 2007) (reversing district court for refusing to reconsider lead plaintiff appointment decision on

changed facts); *In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009) (reconsidering lead plaintiff appointment); *In re Deutsche Bank AG Sec. Litig.*, 2009 WL 4277202 (S.D.N.Y. Nov. 23, 2009) (same).

## AFME MISSTATED THE FACTS AS TO ITS SHARES "RETAINED" AT THE END OF THE CLASS PERIOD

*First*, AFME's response to the Court's direct question whether it "retained" shares at the end of the Class Period, and how many, was wrong. Obviously, the Court meant shares *"retained"* at the end of the Class Period *that were purchased during the Class Period*, the only shares at issue in this action. If the Court simply wanted to know how many shares of Weatherford stock AFME "owned" as of March 1, 2011, it would have asked that. Knowing though, that the Court had expressly stated that it sought to appoint a lead plaintiff which was one of the movants with larger losses *that also "retained" shares at the end of the Class Period* (negating the concern raised by the Pension Trust Fund that the current complaint pleads only a single fraud disclosure at the end of the Class Period, potentially exposing the lead plaintiff to unique loss causation defenses not borne by all class members), and having been told that this Court (like others in this District) applies LIFO, rather than FIFO,[1] AFME's counsel stated that it *retained* 33,400 shares at the end of the Class Period. Conversely, counsel for the Public Retirement Systems correctly responded that Fort Worth "retained" 91,435 shares at the end of the Class Period, *shares purchased by Fort Worth during the Class Period and "retained" by it at the end of the Class Period*.[2]

However, as AFME's own Certification and Loss Chart submitted with its opening motion demonstrate, the 33,400 shares AFME *owned* at the end of the Class Period were shares

---

[1]    *See Richman v. Goldman Sachs Group, Inc.,* No. 10 Civ. 03461, 2011 WL 2360291, at *2 (S.D.N.Y. Mar. 25, 2011) (courts in this District "strongly" favor LIFO); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005) (same).

[2]    *See* Ex. C to the Declaration of David R. Scott in Support of the Motion of the Public Retirement Systems for Appointment as Lead Plaintiff and for Approval of Lead Counsel, ECF No. 16-3.

purchased prior to the start of the Class Period and, as such, are not "retained" shares.[3]  AFME *owned* 76,100 shares at the start of the Class Period, shares purchased prior to the start of the Class Period purportedly before any misstatements were made.  *Id.* at 13-2, pp. 2, 4.  AFME purchased an additional 366,725 shares during the Class Period.  *Id.*  AFME sold all 366,725 of *those* shares during the Class Period ***plus an additional 44,800*** of the 76,100 shares it had acquired prior to the start of the Class Period, leaving AFME with the 33,400 shares it "owned" rather than "retained" at the end of the Class Period.  *Id.*  Indeed, AFME's counsel expressly acknowledged in its opposition to the Pension Trust Fund's opposition that it was a "net seller" of Weatherford shares during the Class Period (meaning it sold more shares than it purchased during the Class Period).[4]

AFME's error was not immediately challenged by counsel for the Public Retirement Systems during the June 24, 2011 hearing because counsel for the Public Retirement Systems did not have a calculator in the courtroom and could not challenge the veracity of another lawyer's statement without confirming those calculations.[5]  When, at the end of the June 24, 2011 hearing, the Court indicated that it was directing the parties to mediation immediately, prior to the filing of an amended complaint to add the partial fraud disclosures required to address the *Dura* loss causation issues, despite that AFME actually opted to file an amended complaint before

---

[3]  *See* Exs. A and B to the Declaration of Curtis V. Trinko in Support of American Federation of Musicians and Employers' Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel, ECF Nos. 13-1 and 13-2.

[4]  *See* American Federation of Musicians and Employers' Pension Fund's Memorandum of Law in Opposition to all Other Motions for Lead Plaintiff Appointment at p. 11, note 15 ("The Operating Fund's claim that AFME is a 'net seller' is irrelevant because AFME is not also a 'net gainer.'").

[5]  Adding to the confusion, AFME's FIFO loss chart states it "retained" 2,100 shares at the end of the Class Period.  *See* ECF No. 13-2.  But that is a mathematical impossibility.  "First In, First Out" matching would require that every Class Period Sale first be matched against shares held at the start of the Class Period.  Every one of the 76,100 shares held at the start of the Class Period was eliminated by Class Period sales.

attending mediation, ***the error should have been abundantly apparent to AFME and its counsel and yet the error went uncorrected by them.***[6]

While the single largest factor is the size of the movants' losses – as the Court indicated – the Court also expressly stated at the June 24th hearing that it wanted to select a movant that was "in both camps," *i.e.*, one of those with the "larger losses" and one that "retained" shares purchased during the Class Period at the end of the Class Period. ***Because AFME did not retain shares at the end of the Class Period,*** it should not be appointed lead plaintiff.

## AFME MISSTATED THE LAW AS TO THE ADVERSE EFFECT ITS NON-RESPONSE TO DEFENDANTS' MDL PETITION WILL HAVE ON THE CLASS' INTERESTS

***Second***, AFME's counsel's response to the Court's direct question concerning the effect of AFME's failure to enter an appearance in the MDL proceedings prior to the May 17th deadline – much less oppose transfer by the May 24th deadline – ***misstated the law***. At this Court's June 24th hearing, the Court confirmed that it agrees the class needs to be represented at the July 27th MDL hearing scheduled in San Francisco. Unlike AFME, which has filed nothing with the MDL panel, the Public Retirement Systems appeared in the MDL proceedings and opposed the motion to transfer this action to the Southern District of Texas filed by defendants. When the Public Retirement Systems listed AFME's failure to respond to the MDL petition as one of several reasons the Court should appoint the Public Retirement Systems as lead plaintiff, at the June 24th hearing, counsel for AFME ***wrongly*** stated that the Public Retirement Systems' response was somehow improper because only "parties" could oppose consolidation and transfer and the three "lead plaintiff movants" are not "parties." *See*, *e.g.*, *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002) (unnamed class members are treated as legal parties where their interests are also

---

[6]    Again, as the Public Retirement Systems argued in its own opposition, after an investigation, it believes partial fraud revelations can be pled. However, until those partial fraud revelations are pled, based on the operative complaint, only the Public Retirement Systems (by virtue of Fort Worth's "retained" shares) and the Pension Trust Fund can demonstrate *Dura* loss causation. Because the Lead Plaintiff wields the power to settle this case at any time, the PSLRA directs that the most adequate movant be appointed.

implicated, just as named plaintiffs are, for purposes such as appealing on behalf of the class and having their statute of limitations tolled).

Instead, AFME's counsel stated that all three lead plaintiff movants – including AFME – were merely "interested parties," covered by MDL Rule 6.2(e), rather than "parties" covered by MDL Rule 6.1(c) which expressly states that parties must "*file a response within 21 days* after filing of a motion" for transfer and that any party's "[f]ailure to respond to a motion *shall be treated as that party's acquiescence to it*."[7] AFME was wrong. What Rule 6.2(e) actually provides as to "Interested Party Responses" is that "[a]ny party or counsel *in one or more tag-along actions as well as amicus curiae* may file a response to a pending motion to transfer," "deemed an Interested Party Response," without complying with the deadlines in MDL Rule 6.1(c). AFME is obviously not "*amicus curiae*." *Id*. It is also not a party "in one or more tag-along actions," which are defined in MDL Rule 1.1(h) as "a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407." **Instead, the above-entitled action is one of the two actions subject to "a pending motion to transfer to create an MDL"** and the parties in **this action** were obliged to respond by the May 24, 2011 deadline pursuant to the MDL rules.

The reason "Interested Parties" do not have to comply with the MDL response deadlines is simple: they're not "parties" entitled to speak at the MDL hearing. As the "Notice of Presentation or Waiver of Oral Argument" the Public Retirement Systems received from the MDL panel in this matter (attached hereto marked Exhibit A) indicates, "[e]xcept for leave of the Panel on a showing of good cause, **only those parties to actions scheduled for oral argument**

---

[7]     A full copy of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation is attached hereto marked Exhibit B for the Court's convenience.

*who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument*."

With the three movants having filed motions for appointment as lead plaintiff on May 9, 2011, *each claiming larger losses than Mike Dobina's*, the named plaintiff in this action, Dobina understandably did not respond to the MDL petition. Mike Dobina's lack of incentive to do so knowing on May 24th he would not be appointed lead plaintiff was likely enhanced by the fact that both the Public Retirement Systems and the Pension Trust Fund had filed appearances in the MDL *by the May 17th deadline*, and so the classes' interests would be represented in those proceedings by the lead plaintiff – *or so Dobina thought*.

However, if AFME is appointed lead plaintiff, the class will likely not be represented at the July 28th MDL panel hearing. AFME has neither made an appearance at the MDL nor filed a written response to it. *See* Ex. A ("*only those parties to actions scheduled for oral argument who have filed a motion or written response to a motion or order shall be permitted to appear before the Panel and present oral argument*"). And if AFME attempts to rely upon the response properly filed by the Public Retirement Systems, besides the fact that AFME did not file that response, defendants are likely to object using AFME's own arguments and misstatements of the law in this Court against it, quoting AFME's counsel as stating that response was somehow "improper."

*Because this error of law also went uncorrected at the end of the June 24, 2011 hearing, the Court's June 27th order should be vacated.*

## ALTERNATIVELY, THE COURT SHOULD APPOINT THE PUBLIC RETIREMENT SYSTEMS CO-LEAD PLAINTIFF WITH AFME

Unlike AFME, the Public Retirement Systems retained shares at the end of the Class Period that were purchased during the Class Period, *and* responded to defendants' MDL petition, *and* made an appearance before the MDL, *and* can argue at the MDL hearing on July 27th – helping ensure that this case remains in this District. This case is in its infancy and under these very unique circumstances, the class would be better served by the appointment of co-lead

plaintiffs, so that it has representation at the hearing on defendants' MDL transfer motion who can **oppose it** (which AFME cannot), so that defendants cannot claim a *Dura* loss causation argument if for some reason only the March 1, 2011 fraud revelation survives (or if defendants take the position in settlement negotiations that it is the only fraud disclosure which can survive), and for the other reasons stated at the June 24, 2011 hearing, including that the Public Retirement Systems **suffered the largest losses of all movants** and is a small group of responsible, like-minded and cohesive **public retirement systems** with experienced counsel here in the Southern District of New York.

With all due respect, as the Court has directed the lead plaintiff to file an amended complaint, giving it the summer to do so, and has ordered the parties to immediately commence mediation directly thereafter, it makes no sense to compromise the classes' interests by appointing AFME sole lead plaintiff and rejecting the Public Retirement Systems' motion based on misstatements of fact and law.

## CONCLUSION

For all the foregoing reasons, and those stated at the June 24, 2011 hearing, the Public Retirement Systems' was the "strongest submission" of all lead plaintiff movants and the Court should abate its order appointing AFME and appoint the Public Retirement Systems Lead Plaintiff and approve its selection of Scott+Scott as Lead Counsel.

DATED: June 27, 2011                    SCOTT+SCOTT LLP

/s/ Mary K. Blasy
MARY K. BLASY (admitted *pro hac vice*)
HAL CUNNINGHAM
707 Broadway, Suite 1000
San Diego, CA 92101
Tel.: (619) 233-4565
Fax (619) 233-0508
Email: mblasy@scott-scott.com
            hcunningham@scott-scott.com

and

DAVID R. SCOTT (DS-8053)
DONALD BROGGI
JOSEPH P. GUGLIELMO (JG-2447)
500 Fifth Avenue, 40th Floor
New York, NY 10110
Tel.: (212) 223-6444
Fax: (212) 223-6334
Email: drscott@scott-scott.com
      dbroggi@scott-scott.com
      jguglielmo@scott-scott.com

*Counsel For Proposed Lead Plaintiff*
*Public Retirement Systems*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 27, 2011.

/s/ Mary K. Blasy
MARY K. BLASY (admitted *pro hac vice*)
707 Broadway, Suite 1000
San Diego, CA 92101
Tel.: (619) 233-4565
Fax (619) 233-0508
Email: mblasy@scott-scott.com