```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
In Re WEATHERFORD INTERNATIONAL         :   11 Civ. 1646 (DLC)
SECURITIES LITIGATION                   :
                                        :   OPINION & ORDER
--------------------------------------- X
```

Appearances:

For Lead Plaintiff the American Federation of Musicians and Employers' Pension Fund:
Ramzi Abadou
Eli R. Greenstein
Stacey M. Kaplan
Erik D. Peterson
Kessler Topaz Meltzer & Check, LLP
580 California Street, Suite 1750
San Francisco, CA 94104

Sean M. Handler
Darren J. Check
Naumon A. Amjed
Ryan T. Egnan
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Curtis V. Trinko
16 West 46th St., 7th Floor
New York, NY 10036

For Fulton County Employees' Retirement Systems, City of Grand Rapids General Retirement System, City of Grand Rapids Police & Fire Retirement System and the Fort Worth Employees' Retirement Fund:

Mary K. Blasy
Hal Cunningham
Scott+Scott LLP
707 Broadway, 10th Floor
San Diego, CA 92101

Beth Kaswan
Donald Broggi
Joseph P. Guglielmo

Scott+Scott LLP
500 Fifth Ave., 40th Floor
New York, NY 10110

For Pension Trust Fund for Operating Engineers:
David A. Rosenfeld
Samuel H. Rudman
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747

DENISE COTE, District Judge:

At a conference on June 24, 2011, the American Federation of Musicians and Employers' Pension Fund ("AFME") was selected as Lead Plaintiff to represent a proposed shareholder class suing Weatherford International Limited ("Weatherford"). Two competing applicants for lead plaintiff promptly filed motions for reconsideration. Neither motion points to any matter overlooked by the Court or to any issue that was not available to be addressed at the June 24 conference. These highly unusual motions by disgruntled applicants for lead plaintiff appointment are denied.

BACKGROUND

On March 9, 2011, plaintiff Mike Dobina filed a class action lawsuit on behalf of all purchasers of securities between April 25, 2007, and March 1, 2011, inclusive (the "Class Period"). The Class Period was defined by the announcement made by Weatherford on March 2, 2011. The complaint alleges

2

violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.  As required by § 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act, on March 10, Dobina's attorneys published notice of the pendency of the action.  By Order dated March 16, the Court set a schedule for the briefing of the applications for appointment of a lead plaintiff and set a conference for June 24.  On May 9, two applicants in addition to AFME sought appointment as lead plaintiff: a group composed of Fulton County Employees' Retirement System, City of Grand Rapids General Retirement System, City of Grand Rapids Police & Fire Retirement System and the Fort Worth Employees' Retirement Fund (collectively, the "Public Retirement Systems"); and the Pension Trust Fund for Operating Engineers (the "Operating Engineers").

At the June 24 Conference, AFME was selected to serve as lead plaintiff.  AFME sustained the "largest loss" from its trading during the Class Period and had "some" retained shares at the end of the Class Period.  During the extended discussion at the June 24 Conference of the issues raised by the applicants' submissions, the Court pointed out both that for almost a two year period ending in the Fall of 2010 Weatherford's stock traded below the point to which it fell after the March 2, 2011 announcement, and that this fact complicated a loss calculation premised on the last-in-first-out

3

or LIFO method, which was the method that each of the parties had used in calculating their losses.

AFME's appointment was formalized in an Order of June 27 (the "June 27 Order"). On June 27 and June 28, the Public Retirement Systems and the Operating Engineers' respectively filed motions for reconsideration of the June 27 Order. These motions became fully submitted on July 5.

DISCUSSION

The standard for reconsideration is strict. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court." Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted). The decision to grant or deny the motion for reconsideration is

within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The Public Retirement Systems and the Operating Engineers (the "Movants") principally argue that at the June 24 Conference AFME misled the Court by stating that it "retained" 33,400 shares at the end of the Class Period when, using the LIFO accounting method, none of the shares AFME held on March 1, 2011 were purchased during the class period. This argument is rejected for several reasons.

First and foremost, these motions for reconsideration do not present any issues that were unavailable for the parties to discuss at the June 24 Conference or that were overlooked by the Court. The parties having made extensive arguments before and during the June 24 Conference, and the Court having explained in detail its reasons for selecting AFME, the Movants have utterly failed to meet the burden that pertains to motions for reconsideration.

Moreover, the factual premise underlying the motions for reconsideration is flawed. Regardless of whether the first-in-first-out ("FIFO") or the LIFO method is employed, at the end of the Class Period, AFME retained shares that were purchased during the period.

As significantly, the Movants mistakenly assume that LIFO is the only appropriate standard for calculating the number of

5

shares AFME held at the end of the class period.  While LIFO may often be the most appropriate method for calculating loss, selecting the accounting method which will be most advantageous to a class is a context-specific determination.  As the Court observed at the June 24 Conference, because of the stock price movements toward the end of the Class Period, LIFO may not be the most suitable measurement method in this case.  In fact, the Court noted that "it may be hard to prove out-of-pocket losses for purchases" made during roughly a two-year period near the end of the Class Period.

Finally, using the measure that each of the applicants for lead plaintiff stressed in their motions for appointment -- a loss calculation premised upon trading during the Class Period -- it is undisputed that AFME is the single entity with the largest such loss.  The Court appointed AFME as Lead Plaintiff based on an examination of the strengths and weaknesses of each of the applicants for the appointment, and a nuanced assessment of which applicant would be best able to represent the proposed class.  The motions for reconsideration present no occasion for reconsidering the merits of that judgment.

The Public Retirement Systems make a second argument for their appointment as lead plaintiff.  They contend AFME will be unable to represent the class at an upcoming hearing before the Judicial Panel on Multi-District Litigation (the "MDL Panel") on

July 28, 2011 since AFME has not yet filed papers before the MDL Panel.[1] Again, this is not an argument properly presented through a motion for reconsideration. This issue was presented at and addressed at the June 24 Conference. In any event, it is unnecessary to engage with the parties' debate over the MDL Panel procedures. Prior to filing this motion for reconsideration, the Public Retirement Systems itself predicted that the MDL proceedings would become moot once a lead plaintiff was chosen. Based on the parties' submissions in connection with this motion for reconsideration this prediction seems even more likely to prove true.

CONCLUSION

The June 27 and 28, 2011 motions for reconsideration of the June 27, 2011 Order are denied.

SO ORDERED:

Dated:   New York, New York
         July 6, 2011

                              _____
                                      DENISE COTE
                              United States District Judge

---

[1] The MDL Panel is scheduled to consider whether the above-captioned case should be consolidated with a related securities fraud class action against the same defendants, Kanchanapoom v. Weatherford, et al., 11 Civ. 01895-JFW (PJWx) (C.D. Cal.). It appears, however, that the California action will be voluntarily dismissed before July 28, 2011.

7