```
UNITED STATES DISTRICT COURT                       (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
                                    :
                                    :
                                    :
IN RE WEATHERFORD INTERNATIONAL     :  11 Civ. 1646 (LAK)(JCF)
SECURITIES LITIGATION               :
                                    :         MEMORANDUM
                                    :         AND ORDER
                                    :
- - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiffs in this putative class action are investors who contend that Weatherford International Ltd. ("Weatherford" or the "Company") and certain of its officers made false and misleading statements in violation of the federal securities laws. The plaintiffs now move for an order compelling testimony from Weatherford pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The motion is granted.

Background[1]

Weatherford is an oilfield service company. (Amended Complaint ("Am. Compl."), ¶ 5). Prior to 2007, the Company's effective income tax rate had been on the rise, from 22% in 2004,

---

[1] A complete discussion of the factual background of this litigation is set forth in the Court's decision on the defendants' motion to dismiss the complaint, Dobina v. Weatherford International, Ltd., __ F. Supp. 2d __, 2012 WL 5458148 (S.D.N.Y. Nov. 7, 2012). I will describe here only as much of that background as is pertinent to the instant motion.

1

to 25% in 2005, to 26% in 2006. (Am. Compl., ¶ 7). Beginning in 2007 and continuing until 2011, however, Weatherford reported a sharply lower effective tax rate, which resulted in apparently higher earnings per share throughout this period. (Am. Compl., ¶ 7). According to the Amended Complaint, market analysts and investors were particularly interested in these reported tax rates. (Am. Compl., ¶¶ 73-76). The plaintiffs bought stock in Weatherford between April 25, 2007, and March 1, 2011 (the "Class Period"). (Am. Comp., ¶ 1).

On March 1, 2011, the Company announced that it would restate its earnings for 2007 through the third quarter of 2010 because it had identified "a material weakness in internal control over financial reporting for income taxes." (Am. Compl., ¶ 134 (quoting Weatherford Form 8-K)). Ultimately, Weatherford concluded that it had understated its tax expense for the period 2007-2010 by $500 million. (Am. Compl., ¶ 136). According to the plaintiffs, the Company's stock price fell 11% the day after the announcement.

The plaintiffs then brought suit, alleging that Weatherford, certain of its officers, and its auditors, Ernst & Young LLP ("Ernst & Young") had knowingly issued false statements concerning Weatherford's tax accounting and failed to state facts necessary to make the statements they made not misleading, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15

2

U.S.C. §§ 78j(b), 78t, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. The plaintiffs subsequently amended their complaint, and the defendants moved to dismiss the Amended Complaint on the ground, among others, that the plaintiffs had failed to allege <u>scienter</u> properly. The plaintiffs cross-moved for leave to supplement their pleadings to add information regarding Weatherford's March 2012 restatement of earnings in which it again revised its tax expenses upward throughout the Class Period.

The Honorable Lewis A. Kaplan, U.S.D.J. granted the motion to dismiss in part and denied it in part. He dismissed all claims against Ernst & Young. <u>Dobina</u>, 2012 WL 5458148, at *16. With respect to the Weatherford defendants, Judge Kaplan noted that the "plaintiff[s] allege[] two different kinds of false statements . . . : (1) those relating to the quality of Weatherford's internal controls and (2) those relating to the understated tax expense." <u>Id.</u> at *6 (footnote omitted). He dismissed the claims based on understatement of the tax expense, reasoning as follows:

> The Court is required to consider "plausible, nonculpable explanations for the defendant's conduct" and, in order to sustain the complaint, must conclude that the inference of <u>scienter</u> is "at least as compelling as any opposing inference one could draw from the facts alleged." Here, the allegations of the [Amended Complaint] support the plausible inference that the Company made an error in its tax accounting treatment in 2007 that persisted on its books, compounding over time, and leading to incorrect financial reporting that propagated up to management. That is, it is a plausible

>   inference that management's statements about the Company's tax expense were "the result of merely careless mistakes at the management level based on false information fed it from below." In the absence of any allegations of suspicious circumstances or of knowledge of facts that made the risk of such error obvious, the Court concludes that this nonculpable inference is more compelling than the inference proffered by [the plaintiffs]. Thus, the [Amended Complaint] fails adequately to allege <u>scienter</u> with regard to the understatement of tax expense.

<u>Id.</u> at *11 (footnotes omitted).

By contrast, Judge Kaplan sustained the allegations relating to statements made by Weatherford's chief executive officer, president, and chairman, Bernard Duroc-Danner, and its chief financial officer, Andrew Becnel, attesting to the quality of the Company's internal controls. As Judge Kaplan noted:

>   In every Form 10-Q and 10-K filed during the class period, certain defendants made statements regarding the effectiveness of Weatherford's internal controls. In particular, Duroc-Danner and Becnel individually certified that they were " 'responsible for establishing and maintaining disclosure controls and procedures . . . and internal control for financial reporting'" for Weatherford and have, among other things, "'[d]esigned such internal control over financial reporting, or caused such internal control over financial reporting to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles'" and "'disclosed, based on our most recent evaluation of internal control over financial reporting, to the registrant's auditors and the audit committee of the registrant's board of directors . . . [a]ll significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to

> adversely affect the registrant's ability to record, process, summarize and report financial information.'" These attestations continued quarterly as late as November 1, 2010, in Weatherford's 10-Q for the third quarter of 2010.

Id. at *6 (alterations in original) (footnotes omitted) (Am. Compl. ¶¶ 141-145).  Yet, the March 2011 restatement found material weakness in the internal controls, caused by "1) inadequate staffing and technical expertise within the company related to taxes, 2) ineffective review and approval practices relating to taxes, 3) inadequate processes to effectively reconcile income tax accounts and 4) inadequate controls over the preparation of quarterly tax provisions."  Id. at *7 (internal quotation marks and footnote omitted).  The Court went on to conclude that the plaintiffs had adequately alleged scienter as to this claim, based on the role of the individual defendants in establishing and maintaining the controls, the stark discrepancies between the 2011 restatement and the defendants' prior certifications, Mr. Becnel's alleged awareness during the Class Period of specific accounting deficiencies, and the importance of the tax expense issue to Weatherford's financial performance.  Id. at *7-8.

At the conclusion of his opinion, Judge Kaplan denied the plaintiffs' motion to supplement their pleadings.  In particular, he found that "the 2012 restatement appears to have increased the size of the losses, but changes nothing of substance with regard to

5

the claims in this case." Id. at *16.

In March 2013, the plaintiffs served notice of a Rule 30(b)(6) deposition on Weatherford. (Lead Plaintiff's Notice of Deposition of Defendant Weatherford International Ltd. Pursuant to Fed. R. Civ. P. 30(b)(6), attached as Exh. 1 to Plaintiffs' Motion to Compel Testimony Pursuant to Federal Rule of Civil procedure 30(b)(6) ("Pl. Mot.")). Counsel conferred and exchanged correspondence in which it became clear that Weatherford intended to limit its testimony regarding any restatement of earnings to the March 2011 restatement, while the plaintiffs insisted that they be permitted to take testimony regarding the March 2012 restatement that Judge Kaplan referred to in his decision, as well as a subsequent December 2012 restatement. (Letter of Jennifer L. Joost dated April 25, 2013, attached as Exh. 13 to Pl. Mot., at 2-3; Pl. Mot. at 1 & Exhs. 4, 5). The instant motion ensued.

## Discussion

The defendants contend that permitting discovery regarding the March 2012 and December 2012 restatements (1) would be inconsistent with Judge Kaplan's ruling on the motion to supplement, (2) would require disclosure of irrelevant information, and (3) would impose an undue burden. None of these arguments is persuasive.

A. <u>The Prior Ruling</u>

Judge Kaplan's prior determination dealt with pleading

requirements, not with discovery. He decided that the Amended Complaint adequately pled claims against certain of the defendants. Having done so, he then concluded that "the [March] 2012 restatement . . . changes nothing of substance with regard to the claims in this case." Id. at *16. This is unsurprising. Once it was determined that the plaintiffs had succeeded in pleading scienter, based in part on the contrast between the defendants' statements about internal controls and the failure of those controls illustrated by the 2011 restatement, the Amended Complaint would not be "improved" by pleading additional evidence. That does not mean, however, that the additional information would not be an apt subject of discovery if otherwise relevant.

    B. Relevance

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Nunez v. City of New York, No. 11 Civ. 5845, 2013 WL 2149869, at *2 (S.D.N.Y. May 17, 2013). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.

7

R. Civ. P. 26(b)(1). The burden of demonstrating relevance is on the party seeking discovery. See, e.g., Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 363 (2010); Mandell v. Maxon Co., No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007).

Here, the plaintiffs have met their burden. To the extent that the March 2012 and December 2012 restatements identify control deficiencies that were present during the Class Period and which are inconsistent with the defendants' statements about the robustness of those controls, these restatements are plainly relevant. The defendants argue that "[a]s Weatherford's March 2012 and December 2012 filings make clear, the tax errors underlying those restatements, including errors relating to withholding tax and foreign tax reserves, are unrelated to the intercompany dividend eliminations error announced on March 1, 2011 and corrected in the First Restatement." (Defendants' Opposition to Plaintiffs' Motion to Compel Testimony Pursuant to Federal Rule of Civil Procedure 30(b)(6) at 3-4). But the alleged falsity of the defendants' statements about their internal controls does not turn on any specific category of errors; the failure of the controls could result in any number of accounting missteps, each of which would be relevant and subject to discovery. That the plaintiffs first identified the errors revealed in the March 2011 restatement does not preclude them from discovery with respect to errors

8

revealed in the March 2012 and December 2012 restatements, which may in turn be attributable to the control failures at issue.

   C. <u>Burden</u>

"Once relevance has been shown, it is up to the responding party to justify curtailing discovery." <u>Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York</u>, 284 F.R.D. 132, 134 (S.D.N.Y. 2012) (internal quotation marks omitted). "[T]he court must limit the frequency or extent of discovery" when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." <u>Melendez v. Greiner</u>, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Rather, "[a] party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not

relevant or how each question is overly broad, burdensome or oppressive, . . . submitting affidavits or offering evidence revealing the nature of the burden.'" Vidal v. Metro-North Commuter Railroad Co., No. 3:12CV248, 2013 WL 1310504, at *1 (D. Conn. March 28, 2013) (alteration in original) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

The defendants' burden argument consists exclusively of demonstrating how much discovery material they have produced and contending that the information now sought by the plaintiffs is irrelevant. The relevance argument has been dealt with, and what the defendants have already produced says nothing about the cost or effort involved in additional discovery. A proportionality analysis requires the court to balance the value of the requested discovery against the cost of its production. See Pippins v. KPMG LLP, 279 F.R.D. 245, 256 (S.D.N.Y. 2012). Here, the defendants have not shown that the information sought is not sufficiently germane, nor, on the other side of the scale, have they provided any specific evidence of burden. Accordingly, they shall produce a Rule 30(b)(6) witness who can testify about the March 2012 and December 2012 restatements.

Conclusion

For the reasons discussed above, the plaintiffs' motion to

10

compel testimony (Docket no. 129) is granted.

SO ORDERED.

*[Signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       May 28, 2013

Copies mailed this date to:

Jala Amsellen, Esq.
Lionel Z. Glancy, Esq.
Michael Goldberg, Esq.
Robert V. Prongay, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

Howard G. Smith, Esq.
Smith & Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 west 46th Street, Seventh Floor
New York, New York 10036

Eli R. Greenstein, Esq.
Erik D. Peterson, Esq.
Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Jennifer L. Joost, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome St., Suite 1850
San Francisco, CA 94104

Darren J. Check, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

David R. Scott, Esq.
Scott & Scott LLC
156 South Main Street
P.O. Box 192
Colchester, Ct  06415

Mary K. Blasy, Esq.
Scott & Scott LLC
707 Broadway, Suite 1000
San Diego, CA  92101

Darren J. Robbins, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

David A. Rosenfeld, Esq.
Evan J. Kaufman, Esq.
Robbins Geller Rudman & Dowd, LLP
58 South Service Road, Suite 200
Melville, New York  11747

Robert J. Malionek, Esq.
Sarah A. Greenfield, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York  10022

Kevin H. Metz, Esq
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111