```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
IN RE WEATHERFORD INTERNATIONAL       :   11 Civ. 1646 (LAK) (JCF)
SECURITIES LITIGATION                 :
                                      :          MEMORANDUM
                                      :          AND  ORDER
                                      :
                                      :
                                      :
                                      :
                                      :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The motion currently before the Court in this case presents an issue of first impression but little practical significance: when multiple witnesses are designated as corporate representatives pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, must a request to review and sign the deposition transcript be made on behalf of each witness, or does a single request satisfy the notice requirement of Rule 30(e)?

Background[1]

The plaintiffs are investors who bring this putative class action against Weatherford International Ltd. ("Weatherford" or the "Company"), contending that it and certain of its officers made false and misleading statements in violation of the federal

---

[1] A complete discussion of the factual background of this litigation is set forth in Dobina v. Weatherford International, Ltd., 909 F. Supp. 2d 228 (S.D.N.Y. 2012), familiarity with which is presumed.

securities laws.

On March 6, 2013, the plaintiffs served a notice of deposition on Weatherford pursuant to Rule 30(b)(6). (Lead Plaintiff's Notice of Deposition of Defendant Weatherford International Ltd. Pursuant to Fed. R. Civ. P. 30(b)(6) ("Notice of Dep."), attached as Exh. A to Defendants' Memorandum of Law in Support of Motion to Compel Plaintiffs' Return of Original Weatherford Rule 30(b)(6) Deposition Transcripts So That Errata Sheets May Be Attached ("Def. Memo.")). Weatherford designated four Rule 30(b)(6) witnesses to testify on its behalf, and each witness was deposed on a different day -- (1) Douglas Mills on May 30, 2013; (2) Steven Gyeszly on June 5, 2013; (3) Steven Carvalho on June 6, 2013; and (4) Brett Eckert on June 7, 2013. (Def. Memo. at 1 & n.1; Plaintiffs' Opposition to Motion to Compel Plaintiffs' Return of Original Weatherford Rule 30(b)(6) Deposition Transcript So That Errata Sheets May Be Attached ("Pl. Memo.") at 1). At the deposition of Weatherford's first Rule 30(b)(6) designee, Mr. Mills, counsel for Weatherford requested thirty days to review and sign the transcript in accordance with Rule 30(e). (Def. Memo. at 1; Pl. Memo. at 1; E-mail of Heather Duncan dated July 12, 2013, attached as Exh. B to Def. Memo.; Reporter's Certification, Videotaped/Realtimed Deposition of Douglas M. Mills dated May 30, 2013, attached as Exh. 7 to Pl. Memo.). No such requests were made at the depositions of the

second and third Rule 30(b)(6) designees, Mr. Gyeszly and Mr. Carvalho. (Def. Memo. at 1; Pl. Memo. at 1). At the deposition of Mr. Eckert, Weatherford's last Rule 30(b)(6) witness, the court reporter, who had attended Mr. Mills' deposition but not those of Mr. Gyezsly and Mr. Carvalho, confirmed on the record that a Rule 30(e) request had been made. (Def. Memo. at 1; Pl. Memo. at 1; Deposition Transcript of Brett W. Eckert dated June 7, 2013, attached as Exh. C to Def. Memo. at 7; Reporter's Certification, Videotaped/Realtimed Deposition of Brett W. Eckert dated June 7, 2013, attached as Exh. 8 to Pl. Memo.).

Veritext, the company providing court reporting services, sealed the transcripts from Mr. Gyeszly and Mr. Carvalho's depositions and provided them to the plaintiffs. (Letter of the Veritext Team dated June 13, 2013, attached as Exh. 10 to Pl. Memo.; Letter of the Veritext Team dated June 12, 2013, attached as Exh. 9 to Pl. Memo.). On July 9, 2013, Weatherford's counsel contacted Veritext to inquire about errata sheets for these witnesses. (Def. Memo. at 1). On July 10, 2013, Veritext provided Weatherford with signature pages and errata sheets for the two depositions (E-mail of Janelle Rosamond dated July 10, 2013, attached as Exh. E to Def. Memo.), and later that day the defendant returned executed signature pages and errata sheets to Veritext (E-mail of Olutosin Akinyode re Steven Gyeszly dated July 10, 2013,

attached as Exh. F to Def. Memo.; Steven Gyeszly Deposition, June 5, 2013 -- Errata Sheet dated June 10, 2013, attached as Exh. 3 to Pl. Memo.; E-mail of Olutosin Akinyode re Steven Carvalho dated July 10, 2013, attached as Exh. G to Def. Memo.; Steve Carvalho Deposition, June 6, 2013 -- Errata Sheet dated July 10, 2013, attached as Exh. 4 to Pl. Memo.).

On July 12, 2013, Veritext informed the parties that upon reviewing Mr. Gyeszly and Mr. Carvalho's deposition transcripts, it was not aware of any Rule 30(e) request made at either deposition nor of any agreement between the parties providing for review and correction and, therefore, would not be making any changes to the original transcripts. (E-mail of Heather Duncan dated July 12, 2013, attached as Exh. H to Def. Memo.).[2] The plaintiffs have refused Weatherford's request that they return the original transcripts to Veritext so that the errata sheets may be attached. (Def. Memo. at 1-2). Weatherford now moves for an order compelling

---

[2] On July 12, 2013, Heather Duncan, an attorney with Veritext, spoke with Paul Breucop, plaintiffs' counsel who attended the first Rule 30(b)(6) deposition, and was informed that there was an understanding between the parties that Mr. Gyeszly and Mr. Carvalho would have an opportunity to review and sign their depositions. (Declaration of Heather Duncan dated July 19, 2013, ¶¶ 1-2; Letter of Kevin H. Metz dated July 12, 2013 ("July 12 Metz Letter"), attached as Exh. D to Def. Memo., at 2). Subsequently, Ms. Duncan received a call from Ramzi Abadou, another attorney for the plaintiffs who did not attend the first Rule 30(b)(6) deposition, and he informed her that there was no such agreement between the parties. (July 12 Metz Letter at 2).

the plaintiffs to do so.

Discussion

    A.   Rule 30(e) Request

Rule 30(e)(1) provides that "[o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days . . . to review the transcript . . . and if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1). "As a threshold, Rule 30(e)(1) requires the party or deponent to request review of the deposition before the deposition itself is completed." EBC, Inc. v. Clark Building Systems, Inc., 618 F.3d 253, 265 (3d Cir. 2010); accord Agrizap, Inc. v. Woodstream Corp., 232 F.R.D. 491, 493 (E.D. Pa. 2006) ("'Under the plain language of Rule 30(e) [], the deponent or a party must request review of the deposition before its completion.'" (quoting Rios v. Bigler, 67 F.3d 1543, 1151 (10th Cir. 1995))); see Judge v. New York City Police Department, No. 10 Civ. 4236, 2012 WL 98509, at *4 (S.D.N.Y. Jan. 12, 2012) (plaintiff precluded from making changes to deposition transcript because he failed to request review of transcript). "Numerous courts have rejected changes to depositions when the procedural requirements of Rule 30(e) were not met." Winston v. Marriott International, Inc., No. 03 CV 6321, 2006 WL 1229111, at *6 (E.D.N.Y. May 8, 2006) (excluding disputed

errata sheet as utimely); see EBC, Inc., 618 F.3d at 265 ("The procedural requirements of Rule 30(e) are clear and mandatory."); Agrizap, Inc., 232 F.R.D. at 493 ("[T]here is no debate that the procedural requirements of Rule 30(e) must be adhered to." (internal footnote omitted)).

The issue here is whether the depositions of Weatherford's four Rule 30(b)(6) designees constitute a single deposition for the purposes of the request requirement under Rule 30(e). If the depositions of Weatherford's Rule 30(b)(6) witnesses are treated as a single deposition, as the defendant argues, then the Rule 30(e) request made at Mr. Mills's deposition and confirmed at Mr. Eckert's deposition satisfies Rule 30(e) for all four deposition including those of Mr. Gyeszly and Mr. Carvalho. (Def. Memo. at 2). On the other hand, if, as the plaintiffs contend, the examinations of the four designees are considered separate depositions, then the Rule 30(e) request requirement was not met for Mr. Gyeszly and Mr. Carvalho's depositions, and the defendant has waived its opportunity to review and sign those transcripts. (Pl. Memo. at 2). My research has not uncovered any case addressing the interplay between Rule 30(b)(6) and Rule 30(e).

The plain language of Rule 30(b)(6) provides that when "a party [] name[s] as the deponent" a corporation, "[t]he named organization must then designate one or more . . . persons who

6

consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6) (emphasis added). Here, the plaintiffs named Weatherford as "the deponent" (Notice of Dep. at 1), and that did not change when Weatherford designated four witnesses to testify on its behalf because Weatherford's "'designee[s] [were] not simply testifying about matters within [their] own personal knowledge, but [were] speaking for the corporation about matters to which the corporation has reasonable access.'" Soroof Trading Development Co. v. GE Fuel Cells Systems, LLC, No. 10 Civ. 1391, 2013 WL 1286078, at *4 (S.D.N.Y. March 28, 2013)(second and third sets of internal quotation marks omitted) (quoting Great American Insurance Co. of New York v. Summit Exterior Works, LLC, No. 3:10 CV 1669, 2012 WL 459885, at *3 (D. Conn. Feb. 13, 2012)); see Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., No. 01 Civ. 3016, 2002 WL 1835439, at *2 (S.D.N.Y. Aug. 8, 2002) ("'The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation, not of the individual deponents. The designated witness is speaking for the corporation.'" (second set of internal quotation marks omitted) (quoting United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996))). Accordingly, regardless of the number of witnesses that Weatherford designated, the deponent remains Weatherford, and the depositions of the four Rule 30(b)(6) designees should be treated as that of a single deponent for

purposes of Rule 30(e).

This is consistent with the 1993 Advisory Committee's Note to Rule 30, which provides that for the purpose of counting the number of depositions a party may take under Rule 30(a)(2)(A), a Rule 30(b)(6) deposition should "be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30 advisory committee's note (1993 Amendments). The "readily discernable logic" for this rule is that "large corporations . . . may require testimony from multiple officers and custodians to provide comprehensive testimony . . . [and] [t]hus, a contrary rule would place an unfair constraint on the number of depositions allowed to parties needing to conduct Rule 30(b)(6) depositions." State Farm Mutual Auto Insurance Co. v. New Horizon, Inc., 254 F.R.D. 227, 234-35 (E.D. Pa. 2008) (internal quotation marks omitted).

In any event, whether the defendant is permitted to attach errata sheets is of little consequence. If they are, the plaintiffs nevertheless remain able to utilize the original answers provided by Weatherford's designee, and they will have the opportunity to impeach Weatherford's testimony at trial with any inconsistencies. See Podell v. Citicorp Diners Club, 112 F.3d 98, 103 (2d Cir. 1997) (noting that "when a party amends his testimony under Rule 30(e), [t]he original answer to the deposition questions

8

will remain part of the record and can be read at the trial. Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made." (alteration in original) (internal quotation marks and citation omitted)); Auscape International v. National Geographic Society, No. 01 Civ. 10820, 2003 WL 23531750, at *11 (S.D.N.Y. July 25, 2003).

On the other hand, even if Weatherford were barred from attaching the errata sheets, the plaintiffs "could not reasonably[] suggest that a witness would be precluded by his or her deposition testimony from giving different testimony at trial." Toland v. Forest Laboratories, Inc., 00 Civ. 4179, 2001 WL 30617, at *1 (S.D.N.Y. Jan. 11, 2001); see also Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 43-44 (2d Cir. 2000) (noting that "a party's deposition testimony as to a given fact does not foreclose a trial or an evidentiary hearing where that testimony is contradicted by [other] evidence" and "such a conflict affects the weight of the testimony, not its admissibility"); cf. A & E Products Group, L.P. v. Mainettie USA Inc., No. 01 Civ. 10890, 2004 WL 345841, at *7 (S.D.N.Y. Feb. 25, 2004) (noting that "a corporation is 'bound' by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be 'bound' by his or her testimony. All this means is that the witness has committed to a

9

position at a particular point in time. It does not mean that the witness has made a judicial admission that formally and finally decides an issue.'" (first set of internal quotation marks omitted)). Thus, the only effect of not allowing the defendant to attach the errata sheets "would be to disadvantage litigants by depriving them of early notice of corrections in deposition testimony." Toland, 2001 WL 30617, at *1.

    B.    Validity of the Errata Sheets

The plaintiffs also argue that the errata sheets submitted by the defendant should be rejected because they "rewr[i]te [the testimony] altogether." (Pl. Memo. at 2). "Courts in the Second Circuit construe Rule 30(e) broadly, permitting any changes to the deposition to be considered as part of the record, even where they contradict the original answers." Samad Brothers, Inc. v. Bokara Rug Co., No. 09 Civ. 5843, 2012 WL 43613, at *8 (S.D.N.Y. Jan. 9, 2012) (collecting cases); see Podell, 112 F.3d at 103 ("Rule 30(e) allows deponents to make changes in form or substance to their testimony . . . [t]he language of the Rule places no limitations on the type of changes that may be made[,] . . . nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes -- even if those reasons are unconvincing." (second, third, and fourth alterations in original) (internal quotation marks and citation omitted)). The

plaintiffs acknowledge that the permissive standard in <u>Podell</u> remains the law in this Circuit. (Pl. Memo. at 2). Thus, even if the errata sheets that the defendant have submitted make substantive changes to the testimony, they are permissible.

<u>Conclusion</u>

For the reasons discussed above, the defendant's motion to compel the plaintiffs' return of original Weatherford Rule 30(b)(6) transcripts so that errata sheets may be attached (Docket no. 153) is granted.

SO ORDERED.

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 23, 2013

Copies mailed this date to:

Jala Amsellen, Esq.
Lionel Z. Glancy, Esq.
Michael Goldberg, Esq.
Robert V. Prongay, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

Howard G. Smith, Esq.
Smith & Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 west 46th Street, Seventh Floor
New York, New York  10036

Eli R. Greenstein, Esq.
Erik D. Peterson, Esq.
Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Jennifer L. Joost, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome St., Suite 1850
San Francisco, CA 94104

Darren J. Check, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

David R. Scott, Esq.
Scott & Scott LLC
156 South Main Street
P.O. Box 192
Colchester, Ct  06415

Mary K. Blasy, Esq.
Scott & Scott LLC
707 Broadway, Suite 1000
San Diego, CA  92101

Darren J. Robbins, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

David A. Rosenfeld, Esq.
Evan J. Kaufman, Esq.
Robbins Geller Rudman & Dowd, LLP
58 South Service Road, Suite 200
Melville, New York  11747

Robert J. Malionek, Esq.
Sarah A. Greenfield, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York  10022

Kevin H. Metz, Esq
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111