```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
IN RE WEATHERFORD INTERNATIONAL       :   11 Civ. 1646 (LAK) (JCF)
SECURITIES LITIGATION                 :
                                      :            MEMORANDUM
                                      :            AND  ORDER
                                      :
                                      :
                                      :
                                      :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

On October 10, 2013, contemplating the filing of yet another discovery motion in this case, the plaintiffs sought from the Honorable Lewis A. Kaplan, U.S.D.J., a dispensation from his individual rules limiting the number of pages in a discovery motion to four. (Letter of Ramzi Abadou dated October 10, 2013, attached as Exh. 1 to Defendants' Memorandum of Law in Support of Their Cross-Motion to Strike Exhibits A & B to Plaintiffs' Motion to Compel Documents Withheld as Privileged and/or Work Product ("Def. Strike Memo.")). On October 15, 2013, before Judge Kaplan ruled on that request, the plaintiffs filed a motion to compel the defendants to produce certain documents that had been withheld as privileged or protected by work product immunity. (Motion to Compel Documents Withheld as Privileged and/or Work Product ("Pl. Motion to Compel")). The motion comprised four pages of argument along with 12 exhibits. The first two exhibits -- together, four

1

pages in length -- are tables explaining why the relevant documents are not privileged or otherwise protected from disclosure, and include citations to the record, as well as one case citation. (Exhs. A & B, attached to Pl. Motion to Compel).

On October 16, 2013, Judge Kaplan referred the motion to compel, as well as two other outstanding discovery motions and all subsequent discovery motions (which are, distressingly, all too likely) to me. (Order of Reference dated Oct. 16, 2013). On October 17, 2013, the defendants filed this motion to strike, which contends that the first two exhibits to the motion to compel "are not exhibits at all; they contain four pages of charts with single-spaced legal and factual arguments in further support of [the] [p]laintiffs' [m]otion, effectively doubling the number of pages permitted by the Court." (Def. Strike Memo. at 2). On that same date, the defendants filed their opposition to the motion to compel, which consists of six pages of argument. (Defendants' Opposition to Plaintiffs' Motion to Compel Documents Withheld as Privileged and/or Work Product).

The motion to strike is frivolous, at best. Whether or not the plaintiffs' motion to compel violated Judge Kaplan's individual rules is no longer relevant. The motion is before me now, and my individual rules do not impose a four-page limit, a fact that the defendants obviously recognize, as their opposition to the motion

2

to compel runs to six pages.[1]

There has been a serious breakdown in the discovery process in this case, as evidenced by the multitude of discovery motions filed. Indeed, between September 20, 2013, and October 17, 2013, the parties have filed five such motions, including the motion to strike, and counsel for the defendants have indicated that another one is on its way. Counsel should know that this is an unsuitable manner in which to conduct litigation. See, e.g., Family Dollar Stores, Inc. v. United Fabrics International, Inc., No. 11 Civ. 2574, 2012 WL 1123736, at *9 (S.D.N.Y. April 4, 2012) (admonishing counsel for failure to cooperate in discovery). The defendants' motion to strike (Docket no. 191) is denied.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         October 22, 2013

---

[1] Had Judge Kaplan not referred the motion to compel to me for resolution, the defendants' motion to strike may have been proper, but I express no opinion on whether it would have been advisable. The motion to strike is neither appropriate nor advisable in this circumstance.

Copies mailed this date to:

Jala Amsellen, Esq.
Lionel Z. Glancy, Esq.
Michael Goldberg, Esq.
Robert V. Prongay, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA   90067

Howard G. Smith, Esq.
Smith & Smith
3070 Bristol Pike, Suite 112
Bensalem, PA   19020

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 west 46th Street, Seventh Floor
New York, New York   10036

Eli R. Greenstein, Esq.
Erik D. Peterson, Esq.
Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Jennifer L. Joost, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome St., Suite 1850
San Francisco, CA 94104

Darren J. Check, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

David R. Scott, Esq.
Scott & Scott LLC
156 South Main Street
P.O. Box 192
Colchester, Ct   06415

Mary K. Blasy, Esq.
Scott & Scott LLC
707 Broadway, Suite 1000
San Diego, CA   92101

4

Darren J. Robbins, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

David A. Rosenfeld, Esq.
Evan J. Kaufman, Esq.
Robbins Geller Rudman & Dowd, LLP
58 South Service Road, Suite 200
Melville, New York  11747

Robert J. Malionek, Esq.
Sarah A. Greenfield, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York  10022

Kevin H. Metz, Esq
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111

5