```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
IN RE WEATHERFORD INTERNATIONAL       :   11 Civ. 1646 (LAK)(JCF)
SECURITIES LITIGATION                 :
                                      :         MEMORANDUM
                                      :         AND  ORDER
                                      :
                                      :
                                      :
                                      :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiffs bring this putative class action on behalf of purchasers of securities issued by Weatherford International Ltd. ("Weatherford"), alleging that Weatherford and certain of its officers made false and misleading statements in violation of the federal securities laws. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the plaintiffs now move for an order permitting them to conduct thirty non-expert depositions. For the following reasons, the motion is granted in part.

Background

A complete discussion of the factual background of this litigation is set forth in Dobina v. Weatherford International, Ltd., 909 F. Supp. 2d 228 (S.D.N.Y. 2012). Briefly, on March 1, 2011, Weatherford announced that it would restate its earnings for the period from 2007 until the third quarter of 2010 after identifying "a material weakness in internal control over financial

1

reporting for income taxes." (Amended Complaint, ¶¶ 134 (quoting Weatherford Form 8-K), 139). The plaintiffs, who bought stock in Weatherford between April 25, 2007, and March 1, 2011, brought suit against Weatherford and certain of its officers under Section 10(b) and 20(a) of the Securities Exchange Act of 1932, 15 U.S.C. §§ 78j(b), 78t, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. They alleged that the defendants knowingly made false and misleading statements and omissions concerning (1) the Company's tax accounting and (2) its maintenance of internal controls over its financial reporting. The former claims were dismissed, leaving only the matter of false statements "relating to the quality of Weatherford's internal controls." Dobina, F. Supp. 2d at 244, 247-48, 252.

When discovery commenced in January 2013, the plaintiffs sought consent from the defendants to conduct twenty-five non-expert depositions in connection with their remaining claims. (Letter of Ramzi Abadou dated Jan. 14, 2013, attached as Exh. 4 to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Increase the Deposition Limit ("Def. Memo.")). The defendants proposed fifteen depositions, contingent on the plaintiffs agreeing not to seek leave of the court to conduct more. (Letter of Kevin H. Metz dated Jan. 17, 2013, attached as Exh. 3 to Def. Memo.). The parties subsequently failed to reach an

agreement. (Def. Memo. Exhs. 5-12).

On September 23, 2013, the plaintiffs submitted a letter motion requesting leave to conduct a total of thirty non-expert depositions, providing a list of proposed deponents and the information they anticipated obtaining from each. (Plaintiffs' Motion for Leave to Increase the Deposition Limit Pursuant to Fed. R. Civ. P. 30(a) ("Motion")). The plaintiffs have already deposed representatives from Weatherford and its auditor, Ernst & Young. (Def. Memo., App. A at 1-2; Motion, Exh. A at 5). In response, the defendants concede that sixteen of the proposed deponents may have relevant information and should be available for deposition. (Def. Memo., App. A). The defendants object to the remaining twelve individuals from the plaintiffs' list, arguing that some do not possess information relevant to the issues remaining in this case, that others may possess information but are duplicative of other deponents, and that allowing these depositions would be unduly burdensome. (Def. Memo. at 1, App. A).

Discussion

Under Rule 30(a) of the Federal Rules of Civil Procedure, any party who wishes to conduct more than ten depositions without stipulation by the opposing party must seek leave of the court. Fed. R. Civ. P. 30(a)(2)(A)(i). The court must grant a request to exceed ten depositions unless the additional depositions would be

unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit.  Fed. R. Civ. P. 26(b)(2)(C); <u>Raniola v. Bratton</u>, 243 F. 3d 610, 628 (2d Cir. 2001); <u>Coach, Inc. V. Gata Corp.</u>, 10 CV 141, 2011 WL 198015, at *1 (D.N.H. Jan. 20, 2011).

The plaintiffs have adequately demonstrated that their request for additional depositions is in good faith and is reasonably calculated to lead to the discovery of admissible evidence. (Motion, Exh. A); <u>see also</u> <u>San Francisco Health Plan v. McKesson Corp.</u>, 264 F.R.D. 20, 21 (D. Mass. 2010) (moving party must show need for additional depositions, but "counsel's judgment about [how many depositions] it needed is entitled to a good deal of deference").  However, the request must also be reasonable under the factors set forth in Rule 26(b) of the Federal Rules of Civil Procedure.

First, several of the proposed deponents appear to be unnecessarily cumulative or duplicative.  Fed. R. Civ. P. 26(b)(2)(C)(i). For example, although they now propose depositions of the Regional Tax Managers for the Middle East, Europe, Canada, and Latin America regions (Motion, Exh. A at 3, 6, 8, 11), the plaintiffs previously suggested that these individuals could potentially serve as "alternatives" to one another for the same

"proposed deposition slot." (Letter of Ramzi Abadou dated July 9, 2013, attached as Exh. 7 to Def. Memo., at App. A, 11-12). The plaintiffs also seek to depose two Ernst & Young auditors (having already deposed that company's representative), two analysts, and two individuals that the defendants allege work on the same IRS-related issues. (Motion, App. A at 1, 5, 6, 10, 15; Def. Memo. at 4).

The plaintiffs argue that each proposed deponent has relevant evidence that "will not be captured by deposing other personnel." (Motion at 3-4). But even if "a witness might have discoverable information, a party is not always entitled to depose that individual." Commodity Futures Trading Commission v. Commodity Investment Group, Inc., No. 05 Civ. 5741, 2005 WL 3030816, at *1 (S.D.N.Y. Nov. 10, 2005); see also Atkinson v. Goord, Nos. 01 Civ. 0761, 03 Civ. 7759, 2009 WL 890682, at *3 (S.D.N.Y. April 2, 2009) ("[If] a party [were] entitled to depose all the witnesses to a relevant event . . . Rule 30(a)(2)(A) would quickly become a dead letter."); Sigala v. Spikouris, No. 00 CV 983, 2002 WL 721078, at *3 (E.D.N.Y. March 7, 2002). The plaintiffs have not demonstrated that each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others, to justify the additional burden on the defendants of defending thirty depositions.

5

The second factor under Rule 26(b)(2)(C), on the other hand, favors the plaintiffs. The plaintiffs have not had "ample opportunity" to discover the information they seek. Fed. R. Civ. P. 26(b)(2)(C)(ii). The proposed deponents who may have relevant, non-cumulative information have not yet been deposed, and the information they possess may not be available through other forms of discovery. Furthermore, some of them are outside the jurisdiction of this court and are unlikely to appear at trial; without oral depositions, the plaintiffs may never have access to these individuals or the evidence they possess. (Motion at 3, Exh. A (noting that thirteen of the thirty individuals are former Weatherford employees who do not reside in New York)). The lack of prior opportunity or alternate means to discover the information sought weighs in favor of granting leave to conduct more than ten depositions.

Finally, the burden of the proposed depositions must be weighed against their benefit, considering the nature and needs of the case. Fed. R. Civ. P. 26(b)(2)(C)(iii). The plaintiffs contend that the large scale of the case -- involving multiple defendants, an amount in controversy of "nearly $1 billion in tax accounting misstatements," and over one hundred Weatherford employees in the relevant tax and auditing departments -- supports broad discovery, and they cite other similarly large cases where

more than ten depositions were permitted. (Motion at 1-2). They also note that the defendants' own documents and filings have "identified numerous witnesses relevant to their defenses and/or directly knowledgeable about the claims in this case." (Motion at 3). The defendants do not disagree that more than ten depositions are warranted, but challenge specific individuals proposed by the plaintiffs as not relevant to the remaining claim. (Def. Memo. at 4, App. A). They also argue that the short amount of time remaining in the non-expert fact discovery period, which is now scheduled to conclude by January 24, 2014, will make it difficult to conduct the numerous depositions yet to be noticed or held. (Def. Memo. at 5).

Balancing these factors, the plaintiffs are entitled to some, but not all, of the thirty depositions requested. As the defendants themselves have conceded the relevance of eighteen deponents (including the two that have already been conducted), the plaintiffs are granted leave to conduct sixteen additional non-expert depositions. This is fewer than requested by the plaintiffs, but accounts for the potential burden and redundancy of granting all thirty proposed depositions at this time. Should the plaintiffs require further depositions after these sixteen are completed, they may seek leave to do so. See Commodity Futures Trading Commission, 2005 WL 3030816 at *1.

The plaintiffs are not bound by the list of proposed deponents submitted with their motion. However, counsel should "think long and hard about who they want to depose and [] depose only those who are really important," San Francisco Health Plan, 264 F.R.D. at 21, keeping in mind that I will examine any future requests for additional depositions with increased scrutiny. Attempts to abuse Rule 30(a) and the flexibility provided in this order by, for example, deposing all of the twelve disputed deponents but none of the named defendants, will factor heavily in any subsequent decision. See, e.g., AIG Centennial Insurance Co. v. O'Neill, No. 09-60551-Civ., 2010 WL 4116555, at *16 (S.D. Fla. Oct. 18, 2010).

The defendants, meanwhile, should bear in mind the potential impact of their arguments for limiting depositions. They have asserted that twelve of the thirty proposed deponents requested by the plaintiffs are either duplicative or minimally relevant. (Def. Memo., App. A). They too may be bound by such assertions, should they call any of these individuals as witnesses at trial. See, e.g., Atkinson, 2009 WL 890682 at *3 ("[D]efendants [are precluded] from offering testimony from these [non-deposed] witnesses that materially differs from the testimony of the defense witnesses who have already been deposed.").

Finally, the hard deadline for non-expert fact discovery is now January 24, 2014, and further extensions are unlikely to be

granted. (Order dated Oct. 3, 2013). As noted by Judge Kaplan, "[e]ach side bears some responsibility for the slow pace of this matter." (Order dated Oct. 3, 2013). Instead of assigning blame for this state of affairs (Letter of Peter A. Wald dated Oct. 7, 2013; Letter of Jennifer Joost dated Oct. 8, 2013), the parties should work diligently to complete these depositions and the remainder of fact discovery in a timely and civil manner.

Conclusion

For the reasons discussed above, the motion for leave to increase the deposition limit pursuant to Rule 30(a) of the Federal Rules of Civil Procedure (Docket no. 171) is granted in part. The plaintiffs may conduct sixteen additional non-expert depositions.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
        October 24, 2013

Copies mailed this date to:

Jala Amsellen, Esq.
Lionel Z. Glancy, Esq.
Michael Goldberg, Esq.
Robert V. Prongay, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA   90067

Howard G. Smith, Esq.
Smith & Smith
3070 Bristol Pike, Suite 112
Bensalem, PA   19020

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 west 46th Street, Seventh Floor
New York, New York   10036

Eli R. Greenstein, Esq.
Erik D. Peterson, Esq.
Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Jennifer L. Joost, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome St., Suite 1850
San Francisco, CA 94104

Darren J. Check, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

David R. Scott, Esq.
Scott & Scott LLC
156 South Main Street
P.O. Box 192
Colchester, Ct   06415

Mary K. Blasy, Esq.
Scott & Scott LLC
707 Broadway, Suite 1000
San Diego, CA   92101

Darren J. Robbins, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

David A. Rosenfeld, Esq.
Evan J. Kaufman, Esq.
Robbins Geller Rudman & Dowd, LLP
58 South Service Road, Suite 200
Melville, New York  11747

Robert J. Malionek, Esq.
Sarah A. Greenfield, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York  10022

Kevin H. Metz, Esq
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111