```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
                                      :
                                      :
                                      :
IN RE WEATHERFORD INTERNATIONAL       :   11 Civ. 1646 (LAK) (JCF)
SECURITIES LITIGATION                 :
                                      :        MEMORANDUM
                                      :        AND  ORDER
                                      :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiffs in this putative class action are investors who contend that Weatherford International Ltd. ("Weatherford") and certain of its officers made false and misleading statements in violation of federal securities laws. The plaintiffs now seek an order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, compelling Weatherford to respond to Interrogatory No. 17 (the "Interrogatory"). The motion is granted in part and denied in part.

Background

The factual background of this litigation is fully described in <u>Dobina v. Weatherford International Ltd.</u>, 909 F. Supp. 2d 228 (S.D.N.Y. 2012). In March 2011, Weatherford announced that, due to "a material weakness in internal control over financial reporting for income taxes," the company would have to restate its earnings for 2007 through the third quarter of 2010. (Amended Complaint, ¶¶

1

134 (quoting Weatherford Form 8-K), 139). Following this announcement and a recalculation of its financial statements, the value of Weatherford stock allegedly fell sharply. See Dobina, F. Supp. 2d at 239. The plaintiffs, who invested in Weatherford stock between April 25, 2007 and March 1, 2011, brought this suit alleging that Weatherford and certain of its officers knowingly made false and misleading statements about Weatherford's tax accounting and its internal controls over financial reporting, in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1932, 15 U.S.C. §§ 78j(b) & 78t. Currently, only the claims relating to the quality of Weatherford's internal controls remain. Id. at 244, 247-48, 252.

The parties are now mired in discovery, which began in January 2013. In their fourth set of interrogatories, the plaintiffs asked the defendants to identify "the intentional adjustments, including the intercompany dividends," that Weatherford employee Darryl Kitay admittedly made during the period from 2007 to 2011, including (1) the dates of the original entry and the adjustments; (2) all persons and entities who were involved in or reviewed the original entry and the adjustments; (3) the amount of the original entry and the adjustments; and (4) the effect of each adjustment on Weatherford's tax expenses for each quarterly or yearly reporting period from 2007 through the present. (Plaintiffs' Fourth Set of

Interrogatories to Defendants, Interrogatory No. 17 ("Interrog. No. 17"), attached as Exh. A to Plaintiffs' Motion to Compel Defendants' Substantive Response to Interrogatory No. 17 ("Motion")).

Weatherford's response raised eleven objections to the Interrogatory and provided no substantive information. (Defendants' Responses and Objections to Plaintiffs' Fourth Set of Interrogatories ("Def. Resp."), attached as Exh. B to Motion, at 2-4). The objections included attorney-client privilege, work product, privacy, confidentiality, assumption of disputed facts or legal conclusions, overbroad scope in terms of time and subject matter, inaptly-defined terminology, and the availability of the requested information from publicly available documents. (Def. Resp. at 2-4). No general relevance objection was asserted.

The plaintiffs contend that this response consists of "boilerplate objections" that do not meet the defendants' obligation under Rule 33(b)(3) of the Federal Rules of Civil Procedure. (Motion at 1). According to the plaintiffs, this Interrogatory is the most practical method of obtaining the information, as they have already searched the defendants' document production to no avail, and conducting further depositions without this information would be an "exercise in frustration." (Motion at 2-4). In its opposition to the plaintiffs' motion, Weatherford

3

argues that the Interrogatory goes well beyond the limits imposed by Local Rule 33.3(a) and (b), and that the information is best sought through either depositions or document requests. (Defendants' Opposition to Plaintiffs' Motion to Compel Defendants' Substantive Response to Interrogatory No. 17 ("Def. Memo.")).

Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Parties objecting to discovery must offer evidence showing "specifically how, despite the broad and liberal construction afforded the federal discovery rules, [an] interrogatory is not relevant or how each question is overly broad, burdensome, or oppressive." Pegoraro v. Marrero, 281 F.R.D. 122, 128-29 (S.D.N.Y. 2012) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)); see also In re Weatherford International Securities Litigation, No. 11 Civ. 1646, 2013 WL 2355451, at *4 (S.D.N.Y. May 28, 2013). Supporting evidence can be provided in the form of affidavits, privilege logs, and other documents "revealing the nature of the burden." Compagnie Francaise, 105 F.R.D. at 42; Pegoraro, 281 F.R.D. at 131. The defendants provide no such evidence, but only contend that the Interrogatory is

"vague, ambiguous, overly broad, and unduly burdensome." (Def. Resp. at 3-4). Such "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Under this standard, the bulk of Weatherford's objections are indeed "boilerplate objections." Freydl v. Meringolo, No. 09 Civ. 7196, 2011 WL 2566087, *4 (S.D.N.Y. June 16, 2011).

This district's local rules "establish[] a sequence for discovery and [] a presumptive preference for certain discovery tools." Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc., No. 08 Civ. 1533, 2011 WL 1642381, at *4 (S.D.N.Y. April 26, 2011). Interrogatories at the beginning of discovery must be limited to "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents." Local Civil Rule 33.3(a). During discovery, interrogatories may extend to other topics only "(1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the [c]ourt." Local Civil Rule 33.3(b); see also Erchonia Corp. v. Bissoon, No. 07 Civ. 8696, 2011 WL 3904600, at *7 (S.D.N.Y. Aug. 26, 2011),

aff'd, 458 F. App'x 58 (2d Cir. 2012) ("The Local Rules reflect a preference for other forms of discovery, such as depositions and document requests.").

Here, discovery has proceeded beyond its initial stages. See Weiss v. National Westminster Bank, PLC, 242 F.R.D. 33, 65 (E.D.N.Y. 2007) (describing discovery as "well-underway" when defendants had produced "a mass of documents" and parties had "conducted several depositions"); Madanes v. Madanes, 186 F.R.D. 279, 290 (S.D.N.Y. 1999) (where "discovery has progressed well beyond the initial stages, [] the provisions of local civil rule 33.3(b) . . . apply").
The issue, therefore, is whether an interrogatory is the most practical method for obtaining the information that the plaintiffs request.

The Interrogatory focuses on a discrete set of transactions, the "intentional adjustments" made by Mr. Kitay during the class period. (Interrog. No. 17). Subpart (ii) seeks the identification of potential witnesses, insofar as it seeks the names of "all persons and entities . . . who were involved in and/or reviewed the original entry (if any) and adjustment(s)." (Interrog. No. 17). Using interrogatories as a tool to identify potential witnesses is permissible. See Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879, 894 (S.D.N.Y. 1999). Subparts (i) and (iii) ask the

defendants to identify the dates and amounts of the "original entr[ies]" and "intentional adjustments" made by Mr. Kitay. (Interrog. No. 17). As identifying these discrete transactions should entail "comparatively simple responses" rather than "long narrative explanations," the request is not outside the scope of Local Rule 33.3(b). E*Trade Financial Corp. v. Deutsche Bank, AG, No. 05 Civ. 902, 2006 WL 3267267, at *1 (S.D.N.Y. 2006); see also Madanes, 186 F.R.D. 279 at 290 (interrogatory was efficient tool for identification of relevant bank accounts). It would be inefficient to rely on witnesses at deposition to accurately recall a series of specific financial transactions made over five years ago. Thus, "[t]o the extent the interrogatories in issue seek the identification of individuals and the identification of certain [accounting] transactions, discovery by way of interrogator[y] is a more practical vehicle for obtaining the information." J. Goldman & Co. v. Kowal, No. 96 Civ. 7868, 1997 WL 452332, at *1 (S.D.N.Y. Aug. 8, 1997).

Conversely, subpart (iv) requires Weatherford to calculate "the effect of each adjustment, if any, on the Company's tax provision, effective tax rate (ETR) or earning per share (EPS) for each quarterly or yearly reporting period" from 2007 to date. (Interrog. No. 17). These calculations go beyond witness names or discrete transactions and amounts, and it is likely that either

7

document requests or depositions would provide a more practical method of obtaining this information. See J. Goldman & Co., 1997 WL 452332, at *1 ; Madanes, 186 F.R.D. 279 at 290.

Finally, one of Weatherford's objections to the Interrogatory is that the information requested can be found in documents equally accessible to the plaintiffs as to the defendants. (Def. Resp. at 4). To the extent that the dates and amounts of the transactions, as well as the individuals who were involved in or reviewed the entries, have already been produced in the discovery process, Weatherford may instead respond to the Interrogatory by identifying the responsive documents. See Fed. R. Civ. P. 33(d)(1). However, such response must be "in sufficient detail to enable [the plaintiffs] to locate and identify [the records] as readily as [could the defendants]." Id.

Conclusion

For the reasons discussed above, the motion to compel the defendants' substantive response to Interrogatory No. 17 (Docket no. 184), pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, is granted in part. The defendants shall respond to subparts (i), (ii), and (iii) of Interrogatory No. 17, but need not respond to subpart (iv).

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 28, 2013


Copies mailed this date to:

Jala Amsellen, Esq.
Lionel Z. Glancy, Esq.
Michael Goldberg, Esq.
Robert V. Prongay, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

Howard G. Smith, Esq.
Smith & Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, Seventh Floor
New York, New York  10036

Eli R. Greenstein, Esq.
Erik D. Peterson, Esq.
Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Jennifer L. Joost, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome St., Suite 1850
San Francisco, CA 94104

Darren J. Check, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

...

David R. Scott, Esq.
Scott & Scott LLC
156 South Main Street
P.O. Box 192
Colchester, Ct  06415

Mary K. Blasy, Esq.
Scott & Scott LLC
707 Broadway, Suite 1000
San Diego, CA  92101

Darren J. Robbins, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

David A. Rosenfeld, Esq.
Evan J. Kaufman, Esq.
Robbins Geller Rudman & Dowd, LLP
58 South Service Road, Suite 200
Melville, New York  11747

Robert J. Malionek, Esq.
Sarah A. Greenfield, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York  10022

Kevin H. Metz, Esq
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111