UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -:
                                    :  11 Civ. 1646 (LAK)(JCF)
                                    :
IN RE WEATHERFORD INTERNATIONAL     :        MEMORANDUM
SECURITIES LITIGATION               :        AND  ORDER
                                    :
                                    :
                                    :
                                    :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiffs bring this putative class action on behalf of purchasers of securities issued by Weatherford International Ltd. ("Weatherford" or the "Company"), alleging that Weatherford and certain of its officers made false and misleading statements in violation of federal securities laws.  Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the plaintiffs move for an order compelling the defendants to immediately produce all documents relating to Weatherford's prior and anticipated future responses to subpoenas by the Securities and Exchange Commission (the "SEC") and the Department of Justice (the "DOJ").  The motion is granted in part and denied in part.

Background

A complete discussion of the factual background of this litigation is set forth in Dobina v. Weatherford International Ltd., 909 F. Supp. 2d 228 (S.D.N.Y. 2012).  The plaintiffs allege

that the defendants made false and misleading statements regarding the quality of Weatherford's internal controls over its income tax and other financial reporting between April 25, 2007 and March 1, 2011.

The SEC has issued a total of five subpoenas on Weatherford since March 1, 2011. The first subpoena was issued on March 17, 2011. (SEC Subpoena dated March 17, 2011 ("Subpoena 1"), attached as Exh. 10 to Plaintiffs' Motion to Compel Production of Documents Related to Parallel Government Investigations of Defendants ("Motion")). Three more were issued the following year. (SEC Subpoena dated March 28, 2012 ("Subpoena 2"), attached as Exh. 11 to Motion; SEC Subpoena dated June 8, 2012 ("Subpoena 3"), attached as Exh. 12 to Motion; SEC Subpoena dated Aug. 16, 2012 ("Subpoena 4"), attached as Exh. 13 to Motion). The most recent SEC subpoena was issued on August 8, 2013, and requested, among other things, copies of the depositions taken and discovery produced in connection with this case. (SEC Subpoena dated Aug. 8, 2013 ("Subpoena 5"), attached as Exh. 6 to Motion). In addition to this latest subpoena, the SEC issued a voluntary document request to Weatherford's Audit Committee asking it to find and produce documents responsive to an expanded list of search terms, including "all search terms agreed to by Weatherford [in] In Re Weatherford International Securities Litigation." (SEC Document Request dated

2

Aug. 7, 2013 ("Doc. Request"), attached as Exh. 5 to Motion).

At the start of discovery, the plaintiffs requested any documents "concerning or produced in connection with the SEC and DOJ investigations" of Weatherford's income tax restatements and the quality of internal controls over its financial reporting. (Lead Plaintiff's First Set of Requests for the Production of Documents to Defendants, attached as Exh. 1 to Motion, at 16; Motion at 1). The plaintiffs claim that the Company has not fully complied with this request because it has failed to produce (1) documents that have been or will be produced in response to the most recent SEC demands to Weatherford (Subpoena 5 and Doc. Request), and (2) all documents "relating to," but not necessarily produced in connection with, Weatherford's responses to SEC Subpoenas 1-4. (Motion at 2). They seek to compel discovery of all documents relating to or produced in response to all five SEC subpoenas within seven days of an order on this motion. (Motion at 4; Proposed Order Granting Plaintiffs' Motion to Compel Production of Documents Relating to Parallel Government Investigations of Defendants).

The defendants agree that the SEC subpoenas themselves and at least some of the documents produced in connection with the subpoenas are discoverable, but they argue that any demand for documents that Weatherford "may someday provide to the SEC" is

unreasonable and speculative. (Defendants' Opposition to Plaintiffs' Motion to Compel Production of Documents Relating to Government Investigations of Weatherford ("Def. Memo.") at 2). They also challenge the breadth of the document requests, claiming that some of the documents, particularly those "relating to" these responses, are not discoverable under Rule 26(b) because (1) they are not relevant to the issues in this litigation and are "outside the discovery parameters established by [this court]," or (2) they have already been turned over to the plaintiffs, making the request duplicative. (Def. Memo. at 2).

Discussion

Parties are entitled to discovery of documents in the "possession, custody, or control" of other parties. Fed. R. Civ. P. 34. However, a moving party must show that the requested documents are at least "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if the sought-after documents are relevant, the court must limit discovery if the request is "unreasonably cumulative or duplicative," the requesting party has had "ample opportunity to obtain the information by discovery," or the "burden or expense of the proposed discovery outweighs its likely benefit" considering the needs of the case and importance of the documents. Fed. R. Civ. P. 26(b)(2)(C).

The fact that Weatherford may have easily producible copies of its responses to SEC subpoenas does not automatically entitle the plaintiffs to that information and anything related to it.  It is possible, indeed likely, that some portions of Weatherford's responses to the SEC are duplicative of materials already produced to the plaintiffs and that the burden of producing documents "relating to" the subpoenas is not as insignificant as the plaintiffs suggest.  Rule 26(b) guides discovery in this case regardless of what was turned over to the SEC, and a balancing analysis indicates that the appropriate scope of document discovery here is more limited than what the plaintiffs request.

A.   <u>Documents Produced in Response to Subpoenas 1-4</u>

The first subpoena issued by the SEC in March 2011 is directly relevant to the allegations made by the plaintiffs in this case, calling for documents related to "the circumstances and events leading up to the identification of the material weakness in accounting for income taxes in Weatherford's internal control over financial reporting."   (Attachment to Subpoena 1 at 2). Weatherford states that it has already given the plaintiffs all documents produced to the SEC pursuant to Subpoena 1. (Def. Memo. at 3).  Accordingly, no court order is warranted with respect to this request.

Subpoenas 2-4 focus largely on events that occurred in 2012.

5

I previously ruled that evidence pertaining to the Company's 2012 income tax restatements may shed light on the allegations of false and misleading statements made during the class period ending on March 1, 2011, and thus be relevant for discovery purposes.  In Re Weatherford International Securities Litigation, No. 11 Civ. 1646, 2013 WL 2355451, at *4 (S.D.N.Y. May 28, 2013).  "[C]ognizant of [this] view" and given the "tenor" of my order, the defendants "voluntarily" gave the plaintiffs copies of Subpoenas 2-4 along with "800,000 pages of documents" -- much, though perhaps not all, of the material produced in response to those subpoenas.  (Def. Memo. at 3 (conceding that it was "arguably relevant" and a "far lesser burden" to disclose given that it had already been collected, reviewed, and produced to the SEC)).

The general subject matter of Subpoenas 2-4 suggests that Weatherford's responses are reasonably likely to lead to admissible evidence in this case and are therefore discoverable.  To the extent that the defendants have not yet provided the plaintiffs with all of the documents that Weatherford submitted in response to SEC Subpoenas 2-4, they shall now do so.

B.   Documents "Related To" Responses to Subpoenas 1-4.

In addition to the documents Weatherford has actually turned over or will turn over to the SEC, the plaintiffs seek discovery of four additional categories of documents "relating to" the subpoena

responses: "(ii) communications between the Company and the SEC and DOJ; (iii) non-privileged internal Weatherford documents and emails discussing or relating to the SEC and DOJ investigations; (iv) non-privileged underlying documents created or collected in connection with the investigations; and (v) communications with third parties regarding the SEC and DOJ investigations." (Motion at 2; Letter of Eli R. Greenstein dated June 28, 2013, attached as Exh. 2 to Motion, at 2; Letter of Eli R. Greenstein dated July 10, 2013, attached as Exh. 3 to Motion, at 2). They claim that these documents are "squarely relevant" and "related to the same restatements and internal control weaknesses" at issue in this case. (Motion at 3, n.4 (citing Deposition Transcript of [Weatherford Representative] Steven Gyeszly dated June 5, 2013, attached as Exh. 9 to Motion, at 102, 287)). The defendants argue that these "related" documents are not relevant, in part because of the broader scope of the SEC's investigations. (Def. Memo. at 4).

The plaintiffs fail to adequately specify how these related documents are reasonably calculated to lead to the discovery of admissible evidence. That the subject matter of the subpoenas is relevant may explain why documents <u>produced</u> to the SEC are discoverable, but not why disclosure of internal discussions, communications, or preparations related to those subpoenas is warranted. The only specific example of information "related to"

the subpoenas that the plaintiffs provide is a series of meetings between the defendants and SEC investigators during which the former provided "findings" of their interviews and "results" of their ongoing investigations. (Motion at 3). But pointing to one example of potentially discoverable material does not transform an overbroad request into one that is "properly tailored." Martinez v. Robinson, No. 99 Civ. 11911, 2002 WL 424680, at *2 (S.D.N.Y. March 19, 2002).

The plaintiffs justify their requests by pointing out that the burden on Weatherford is trivial as many of these documents "have already been (or soon will be) gathered, reviewed and provided by Weatherford to the SEC and can simultaneously be produced to Plaintiffs." (Motion at 4). But that does not apply with respect to the "related to" document request, which specifically seeks the kinds of documents that were not turned over to the SEC, and that would not necessarily be readily available for production. The minimal benefit of producing questionably relevant "related" material is outweighed by the burden of production on Weatherford.

C.   Subpoena 5 and the Voluntary Document Request

The plaintiffs argue that any documents produced pursuant to Subpoena 5 and the voluntary document request of Weatherford's Audit Committee are directly relevant to the present case. (Motion at 3). That is unsurprising, given that this latest SEC request

specifically asks for documents produced in the instant litigation. (Def. Memo. at 1; Subpoena 5; Doc. Request). The defendants do not dispute the relevance of the Company's response to Subpoena 5. At the time this motion was filed, however, Weatherford had not yet given the plaintiffs any documents related to Subpoena 5 because it had not yet actually produced any documents to the SEC. (Def. Memo. at 1-2). Instead, the defendants agreed to consider giving the plaintiffs some of the documents after a response to the SEC subpoena is submitted. (Def. Memo. at 1; Letter of Peter A. Wald dated Sept. 19, 2013, attached as Exh. 7 to Motion).

According to the defendants, the first production in response to Subpoena 5 consisted entirely of documents that were already produced to the plaintiffs in this matter. (Def. Memo. at 2). The plaintiffs' attempt to piggyback on the SEC's investigation of Weatherford has created a discovery loop in which they ask for what is given to the SEC, but what is given to the SEC is precisely what they have already asked for and received. This is plainly cumulative and unnecessarily burdensome. Weatherford need not disclose documents given to the SEC if those documents had previously been produced to the plaintiffs.

The plaintiffs are also upset at the pace of the response to Subpoena 5. Alas, the consequence of making their discovery requests contingent on other investigations is that the plaintiffs

must now wait their turn for a copy of Weatherford's response.  The Company need not disclose its Subpoena 5 responses before they have been submitted to the SEC.  Once they have been turned over to the SEC, any documents not already turned over to the plaintiffs shall be produced forthwith.

<u>Conclusion</u>

For the reasons discussed above, the motion to compel additional document discovery (Docket no. 177) is granted to the extent that Weatherford shall produce all non-duplicative documents turned over to the SEC in response to Subpoenas 2-5, and is otherwise denied.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 28, 2013

Copies mailed this date to:

Jala Amsellen, Esq.
Lionel Z. Glancy, Esq.
Michael Goldberg, Esq.
Robert V. Prongay, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

10

Howard G. Smith, Esq.
Smith & Smith
3070 Bristol Pike, Suite 112
Bensalem, PA  19020

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 west 46th Street, Seventh Floor
New York, New York  10036

Eli R. Greenstein, Esq.
Erik D. Peterson, Esq.
Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Jennifer L. Joost, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome St., Suite 1850
San Francisco, CA 94104

Darren J. Check, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

David R. Scott, Esq.
Scott & Scott LLC
156 South Main Street
P.O. Box 192
Colchester, Ct  06415

Mary K. Blasy, Esq.
Scott & Scott LLC
707 Broadway, Suite 1000
San Diego, CA  92101

Darren J. Robbins, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

David A. Rosenfeld, Esq.
Evan J. Kaufman, Esq.
Robbins Geller Rudman & Dowd, LLP
58 South Service Road, Suite 200
Melville, New York  11747

11

Robert J. Malionek, Esq.
Sarah A. Greenfield, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York  10022

Kevin H. Metz, Esq
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111