UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
                                      :
IN RE WEATHERFORD INTERNATIONAL   :   11 Civ. 1646 (LAK) (JCF)
SECURITIES LITIGATION             :
                                  :        MEMORANDUM
                                  :        AND  ORDER
                                  :
                                  :
                                  :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     Defendant Weatherford International, Ltd. ("Weatherford")[1]
retained counsel to conduct two investigations -- the "Audit
Committee Investigation" and the "Valenzuela Investigation" -- and
subsequently shared information about those investigations with the
SEC.  On November 5, 2013, I ruled that both attorney-client
privilege and work product protection had been waived for "material
[regarding the Audit Committee Investigation] that [Weatherford and
its Audit Committee] provided to the SEC, as well as any underlying
factual material explicitly referenced in it," as well as for "oral
disclosures made to [] investigative government agencies [regarding
the Valenzuela Investigation], subject to the same limits discussed
in connection with the Audit Committee [Investigation] materials."
(Memorandum and Order dated Nov. 5, 2013 ("Nov. 5. Order") at 20,

---

     [1] Although there are multiple defendants in this action, for
clarity and convenience I will refer to all defendants collectively
as Weatherford.

22).

On November 15, 2013, the defendants produced certain material to the plaintiffs in accordance with the November 5 Order and confirmed that they had previously produced all documents explicitly referenced in the presentation to the SEC regarding the Audit Committee Investigation. (Letter of Kevin H. Metz dated Nov. 15, 2013, attached as Exh. E to Declaration of Eli Greenstein in Support of Plaintiffs' Motion to Enforce the Court's November 5, 2013 Order dated Nov. 27, 2013 ("Greenstein Decl.")). Later, in light of further discussions with the plaintiffs, the defendants agreed to produce portions of summaries of interviews conducted in connection with the Audit Committee Investigation that were prepared by counsel and "read or conveyed in substantial part to the SEC." (Defendants' Opposition to Plaintiffs' Motion to Enforce the Court's November 5, 2013 Order ("Def. Memo.") at 4). Production of these documents began at the end of November 2013 and continued into December. (Letter of Kevin H. Metz dated Dec. 3, 2013, attached as Exh. A to Declaration of Ramzi Abadou dated Dec. 9, 2013; Plaintiffs' Reply to Defendants' Opposition to Motion to Enforce the Court's November 5, 2013 Order ("Reply") at 7). This motion was filed before that production was complete.

The crux of this dispute is a disagreement about what constitutes "underlying factual material explicitly referenced in"

communications disclosed to the SEC.  Although their opening brief sought a wider range of information (Memorandum of Law in Support of Plaintiffs' Motion to Enforce the Court's November 5, 2013 Order ("Pl. Memo.") at 3-4, 6-7), the plaintiffs now assert that only "two issues raised by [the] motion [to enforce] remain unresolved" (Reply at 2):[2]

1.   Whether Davis Polk & Wardwell, LLP ("Davis Polk"), the firm retained to conduct the Audit Committee Investigation, "should be required to produce the factual material underlying the interview summaries" referenced in "written and verbal SEC presentations" (Reply at 2); and

2.   Whether the redactions in the interview summaries produced in November and December protect only opinion work product or also obscure discoverable factual material (Reply at 2-3).

The plaintiffs' motion is granted in part and denied in part.

Discussion

A.   Interview Notes and Other Underlying Documents

Weatherford has produced "four PowerPoint presentations [prepared by Davis Polk and] made to the SEC in connection with the Audit Committee Investigation." (Pl. Memo. at 2).  The plaintiffs seek background material apparently used in creating these presentations, contending that such material is "explicitly referenced" therein.  (Pl. Memo. at 2-4).  The plaintiffs argue

---

[2] In light of this assertion, I treat any other issues raised in the opening brief as abandoned.

that, where the presentations assert that a particular witness made a statement -- e.g., "Former tax department employee Lisa Covington . . . alleged that . . ." (Weatherford Audit Committee: Presentation to the U.S. Securities & Exchange Commission dated Nov. 29, 2012 ("11/29/12 SEC Presentation"), attached as Exh. G to Greenstein Decl., at 60); "In a 2011 interview, Covington cited release of reserve as [an] example of . . ." (Pl. Memo. at 2; 11/29/12 SEC Presentation at 82) -- or merely suggest that a statement was made -- e.g., "Kitay's response was not fully substantiated" (Pl. Memo. at 2; 11/29/12 SEC Presentation at 45) -- interview materials for that witness must be produced pursuant to the November 5 Order.

The plaintiffs are mistaken.  They have pointed to no instance in which interview materials are "explicitly referenced" in presentations to the SEC.  Although the examples they cite indicate (either by implication or direct statement) that an interview took place and provide the basis for a strong inference that it was memorialized in some way, interview materials are not identified, cited, or quoted.  They are not, therefore <u>explicitly</u> referenced. The fact that testimony buttresses that inference (Pl. Memo. at 4-5) is similarly insufficient, because the plaintiffs have not shown that those memorializations were, themselves, explicitly referenced

in communications with the SEC.[3]

The cases the plaintiffs cite do not support their position. For example, in Gruss v. Zwirn, No. 09 Civ. 6441, 2013 WL 3481350, at *4, 13 (S.D.N.Y. July 10, 2013) ("Gruss I"), the court ordered production of interview notes and summaries of interviews because they were "deliberately, voluntarily, and selectively disclosed to the SEC via PowerPoint presentations," by "quoting certain portions of the interview notes and summaries [] in [] presentations to the SEC." Gruss I is thus congruent with my November 5 Order requiring production of materials actually disclosed to the SEC.[4]  It says nothing about what constitutes an "explicit reference" -- which is really merely a question of what that phrase in the November 5 Order was intended to mean -- or about when material underlying information disclosed to an investigatory government agency should

_____

[3] Of course, representations in the presentations attributed to witnesses can be explored more fully through "deposition or other appropriate discovery mechanism." (Def. Memo. at 12)

[4] The district court's follow-up opinion in Gruss v. Zwirn, No. 09 Civ. 6441, 2013 WL 6098482 (S.D.N.Y. Nov. 20, 2013) (Gruss II), discussed in the plaintiffs' reply (Reply at 5) largely deals with different issues.  The primary question answered there was whether the client of a law firm that performed an investigation could be deemed to have within its control the interview notes created during that investigation.  Gruss II, 2013 WL 6098482, at *3-5.  However, Gruss II does help answer the question, addressed below, of whether a party that discloses portions of a document to a government agency waives protection for all factual information included in the document, or only for that information actually disclosed.

be produced.  Similarly, in <u>SEC v. Vitesse Semiconductor Corp.</u>, No. 10 Civ. 9239, 2011 WL 2899082, at *3 (S.D.N.Y. July 14, 2011), a report made available to the SEC contained such detailed summaries of interviews that it included near-verbatim recitations of interview notes taken by counsel.  Because of this detail, the court found that the interview notes had been "effectively produced . . . to the SEC."  <u>Id.</u>  That is not the case here.  As Weatherford explains, "Not one slide [in the PowerPoint presentations to the SEC] . . . purports to quote a witness, much less Davis Polk's interview notes themselves."  (Def. Memo. at 9).  Rather, the presentations largely provide generalized accounts of "facts discerned from witness interviews."  (Def. Memo. at 8).  Moreover, Weatherford has now produced portions of interview summaries that were "read or conveyed in substantial part to the SEC."  (Def. Memo. at 4).  Thus, the rule derived from <u>Gruss I</u> and <u>Vitesse</u> -- that information is discoverable if it has been actually disclosed or referenced in such detail that it has been "effectively produced" to an investigatory government agency -- has been satisfied.

In short, interview materials need not be produced unless those specific materials are explicitly identified, cited, or quoted in information disclosed to the SEC.  The plaintiffs have pointed to no such explicit reference, and their motion is

therefore denied on this issue.[5]

B.   Redactions

The plaintiffs also object to redactions applied to the interview summaries that Weatherford has produced.[6]  They seek production of unredacted copies of the summaries or, in the alternative, in camera review.  (Reply at 7-8).  A more efficient resolution, however, is to provide guidance to Davis Polk regarding the kind of information that is properly redacted and allowing the firm a short time in which to re-review and re-produce the documents.

Gruss I is instructive.  In that case, as noted above, the court found that work product protection had been waived for information disclosed to the SEC.  However, the waiver did not extend only to those portions of notes and summaries actually disclosed, but rather to all "factual portions" of the partially-disclosed documents.  Gruss I, 2013 WL 3481350, at *13.  This

_____

[5] To the extent that the plaintiffs contend that Weatherford must produce opinion work product (Pl. Memo. at 5-6; Reply at 3-4), that question was answered in the November 5 Order, which restricted production to factual matter.  (Nov. 5 Order at 20).  I see no reason to revisit that decision here.  I note, too, although this is not determinative, that the plaintiffs have submitted a motion to "enforce," not a motion to reconsider.

[6] Although this issue was not squarely raised in the plaintiffs' opening brief, that is presumably because all of the relevant documents had not yet been produced.  In light of that, and the fact that the resolution of this question is fairly simple, I will address the plaintiffs' argument.

7

conclusion was re-iterated in <u>Gruss II</u>, where the court did not limit waiver of protection to those portions of documents actually disclosed, but rather emphasized that the defendants had "waived attorney-client and work product protection <u>as to those portions of the interview notes that constitute fact work product</u>." <u>Gruss II</u>, 2013 WL 6098482, at *5 (emphasis added).

Here, Weatherford has produced only the "portions of summaries . . . that were . . . read or conveyed in substantial part to the SEC." (Def. Memo. at 4). Perhaps as a result of this crabbed view of their discovery obligations, it is apparent (as the plaintiffs note) that the defendants have redacted not only opinion work product, but also factual material. (Reply at 7-8). That is not appropriate here. Therefore, Weatherford (or Davis Polk) shall review the interview summaries produced, redacting <u>only</u> material that reflects an attorney's "'explicit mental impressions, conclusions, opinions or legal theories,'" <u>Abdell v. City of New York</u>, No. 05 Civ. 8453, 2006 WL 2664313, at *7 (S.D.N.Y. Sept. 14, 2006) (quoting <u>United States v. Weissman</u>, No. 94 Cr. 760, 1995 WL 244522, at *10 (S.D.N.Y. April 26, 1995)), keeping in mind that, to the extent that the form of the summarization itself might allow inferences into the writer's thinking, such as by "imply[ing] the attorney's questions," those inferences are unlikely to "reveal anything worthy of the description 'legal theory.'" <u>In re John Doe</u>

8

Corp., 675 F.2d 482, 493 (2d Cir. 1982); Abdell, 2006 WL 2664313, at *6 ("[L]ower courts have consistently treated witness statements as factual rather than opinion work product, even where those statements have been summarized by counsel."). The properly redacted documents shall be produced within seven days of the date of this order.

Conclusion

For these reasons, the plaintiffs' motion to enforce (Docket no. 221) is granted in part and denied in part. The witness summaries discussed above shall be reviewed as described and produced to the plaintiffs within seven days of the date of this order. The defendants' motion for a conference (Docket no. 220) is denied as moot.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          December 16, 2013

Copies mailed this date:

Curtis V. Trinko, Esq.
Law Offices of Curtis V. Trinko, LLP
16 West 46th Street, Seventh Floor
New York, New York  10036

Eli R. Greenstein, Esq.
Erik D. Peterson, Esq.
Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Jennifer L. Joost, Esq.
Kessler Topaz Meltzer & Check, LLP
One Sansome St., Suite 1850
San Francisco, CA 94104

Sarah A. Greenfield, Esq.
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York  10022

Kevin H. Metz, Esq
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004

Peter A. Wald, Esq.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111

Scott W. Muller, Esq.
Raul Yanes, Esq.
Ronni Weinstein, Esq.
Davis Polk & Wardwell LLP
901 15th St., N.W.
Washington, D.C. 20005