

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WEATHERFORD INTERNATIONAL SECURITIES LITIGATION | 11 Civ. 1646 (LAK) (JCF) <br><br> CLASS ACTION <br><br> DEMAND FOR JURY TRIAL |

### [PROPOSED] ORDER CONCERNING PROPOSED SETTLEMENT

**WHEREAS:**

A.     Court-appointed Lead Plaintiff American Federation of Musicians and Employers' Pension Fund ("AMFE") and named plaintiff Georgia Firefighters' Pension Fund ("Georgia Firefighters" and, together with AFME, "Plaintiffs" or "Settlement Class Representatives") on behalf of themselves and the Settlement Class (as hereinafter defined), and defendants Weatherford International Ltd. ("Weatherford"), Bernard J. Duroc-Danner, Andrew P. Becnel, Jessica Abarca and Charles E. Geer, Jr. ("Defendants" and, collectively with the Plaintiffs, the "Settling Parties") entered into a Stipulation of Settlement and Release on January 28, 2014 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions of their proposed settlement and the release of claims and dismissal of the Action against Defendants with prejudice upon the terms and conditions set forth therein (the "Settlement");

B.     Plaintiffs have moved the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order concerning the proposed Settlement;

C.     Defendants do not oppose this request; and

D.     The Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.     The Court, for the purposes of this Order, adopts all defined terms as set forth in the Stipulation unless otherwise defined herein.

2.     Pending further order of the Court, all litigation activity in this Action, except that contemplated herein, in the Stipulation, in the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except for the Settlement Hearing (defined below), are hereby taken off calendar.

**CLASS CERTIFICATION**

3.     The Court finds, upon a preliminary evaluation, that for purposes of the Settlement only, that the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, have been met and the Settlement Class should be defined as all Persons who purchased or otherwise acquired Weatherford common stock between April 25, 2007 and March 1, 2011, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants and Weatherford's officers, affiliates, and directors, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which a Defendant has a controlling interest. Also excluded from the Settlement Class are any persons or entities who exclude themselves from the Settlement Class by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

4.      The Court hereby finds based on a preliminary evaluation that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the following are adequate class representatives and preliminarily certifies the following as Settlement Class Representatives for the Settlement Class:  AFME and Georgia Firefighters.  The Court further certifies Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

5.      The Court finds, based on a preliminary evaluation, for purposes of the Settlement only, that as to the Settlement Class, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**MAILING AND PUBLICATION OF NOTICE**

6.      The Court authorizes Lead Counsel to retain, and the Court hereby appoints, The Garden City Group, Inc. as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a.      No later than ~~twenty (20) business days following entry of this Order~~ April / 21, 2014, the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in

3

the form annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort, including in the records of Weatherford or its transfer agent provided by Defendants in accordance with the Stipulation (the "Notice Date");

b.      A summary notice (the "Summary Notice"), substantially in the form annexed hereto as Exhibit A-3, shall be published once in the national edition of *The Wall Street Journal* and *Investor's Business Daily* and transmitted over *PR Newswire* no later than ten (10) business days after the Notice Date, *April 11, 2014* and

c.      The Notice, the Summary Notice and the Claim Form shall also be placed on the website created for the Settlement, on or before the Notice Date.

7.      No later than ten (10) days after the submission of the Stipulation to the Court, *April 11, 2014* Defendants shall have served CAFA Notice on the State and Federal officials as required by 28 U.S.C. § 1715(b). Not later than thirty-five (35) calendar days before the Settlement Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

8.      The Court approves the form of the Notice and Summary Notice (together, the "Notices") and the Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in Paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C.

§ 78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitute the best notice practicable under the circumstances.

9.      No later than thirty-five (35) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be filed with the Court affidavits or declarations showing that the mailing and publication have been made in accordance with this Order.

10.     Nominees who purchased Weatherford common stock for beneficial owners who are Settlement Class Members are directed to:  (a) request within fourteen (14) calendar days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days after receipt of the Notice.  If a nominee elects to send the Notice to beneficial owners, such nominee is directed to mail the Notice within fourteen (14) calendar days of receipt of the additional copies of the Notice from the Claims Administrator, and upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Upon full compliance with this Order, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

## HEARING: RIGHT TO BE HEARD

11.     The Court will hold a settlement hearing (the "Settlement Hearing") on
~~July~~ *July* *8* , 2014, at *4:00* p.m., in the United States District Court for the Southern
District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New
York, New York 10007, Courtroom 21B, for the following purposes:  (i) to determine whether
the Settlement should be approved as fair, reasonable, adequate and in the best interests of the
Settlement Class; (ii) to determine whether a Judgment substantially in the form attached as
Exhibit B to the Stipulation, should be entered dismissing and releasing the Settled Claims (as
that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of Allocation;
(iv) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement
of Litigation Expenses (which may include the costs and expenses of the Settlement Class
Representatives directly related to their representation of the Settlement Class); and (v) to
consider any other matters that may properly be brought before the Court in connection with the
Settlement.  Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's
application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later
than ~~thirty-five (35) calendar days prior to the Settlement Hearing~~ *MAY 27, 2014* *Reply* papers shall be filed
~~no later than seven (7) calendar days prior to the Settlement Hearing.~~ *JUNE 20, 2014.*

12.     Any member of the Settlement Class may appear at the Settlement Hearing and
show cause why the proposed Settlement embodied in the Stipulation should or should not be
approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why
the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of
Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of
Litigation Expenses.  However, no Settlement Class Member or any other Person shall be heard

or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless, no later than ~~thirty (30) calendar days prior to the Settlement Hearing,~~ *JUNE 13, 2014* that Settlement Class Member or Person (i) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York; and (ii) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs in support of his, her or its position upon each of the following counsel for receipt no later than thirty (30) calendar days prior to the Settlement Hearing: Eli R. Greenstein, Esq. Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104 on behalf of Plaintiffs and the Settlement Class; and Peter A. Wald, Esq. Latham & Watkins LLP, 505 Montgomery St., Suite 2000, San Francisco, CA 94111 as counsel for Defendants. Lead Counsel will promptly provide copies of any objections received to counsel for Defendants and file copies with the Court in connection with their motion for approval of the Settlement, the Plan of Allocation and the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

13. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member; (b) a list and documentation of all of the Settlement Class Member's transactions involving Weatherford common stock during the Settlement Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase, acquisition or sale and the price paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which

the objection is based; (e) a list of any persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Settlement Hearing. Any Settlement Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. By objecting to the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Settlement Hearing, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Settled Claims provided for in the Stipulation and the Judgment).

14.     If approved, all Settlement Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Claim Form.

15.     Any member of the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

16.     The Court reserves the right to (a) adjourn or continue the Settlement Hearing, or any adjournment or continuance thereof, without further notice to Settlement Class Members and (b) approve the Stipulation with modification and without further notice to Settlement Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

17.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

**CLAIMS PROCESS**

18.     In order to be potentially eligible to participate in the Settlement, a Settlement Class Member must complete and submit a Claim Form in accordance with the instructions contained therein. To be valid and accepted, Claim Forms submitted in connection with the Settlement must be postmarked no later than one-hundred and twenty (120) calendar days after the Notice Date.

19.     Any Settlement Class Member who does not timely submit a valid Claim Form, shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but will otherwise be bound by all of the terms of the Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein.

**EXCLUSION FROM THE SETTLEMENT CLASS**

20.     Any requests for exclusion from the Settlement Class must be submitted in accordance with the instructions included in the Notice and for receipt no later than thirty (30) calendar days prior to the Settlement Hearing. Any Settlement Class Member who wishes to be excluded from the Settlement Class should provide his, her or its name, address, and telephone number.     The Settlement Class Member must also provide information containing the Settlement Class Member's transactions in Weatherford common stock, including (i) the number of shares of Weatherford common stock purchased or otherwise acquired during the Settlement Class Period, and if any such shares were sold, how many shares were sold; (ii) the prices or other consideration paid or received for such shares; and (iii) the date of each purchase, acquisition or sale transaction. The request must include a statement that the Person wishes to be excluded from the Settlement Class, and be signed by the Person requesting exclusion. All Persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

21.     Any member of the Settlement Class who does not request exclusion from the Settlement Class in the manner stated in this Order and the Notice shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including, but not limited to the release of the Settled Claims against the Released Parties provided for in the Stipulation and the Judgment, if the Court approves the Settlement.  In addition, this Court is not opining on the ability of a

Person who seeks to exclude themselves from the Settlement Class to subsequently bring an action against any of the Released Parties.

22. The Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Settlement Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel. Any appeal from any orders relating solely to the Plan of Allocation or solely to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action set forth therein.

23. Only Settlement Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25. As set forth in the Stipulation, notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of this Court, all reasonable Notice and Administration Costs

actually incurred. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Claim Form, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, publication of the Summary Notice, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted Claims, and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs reasonably paid or reasonably incurred, including any related fees, shall not be returned or repaid to Defendants or any other Released Party, or to any person or entity who or which paid any portion of the Settlement Amount on their behalf.

26. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of Defendants or any other Released Party to Plaintiffs, the Settlement Class or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Plaintiffs, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action against Defendants if it was not settled at this point in time. The fact and terms of this Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in

this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Settled Claims provided for in the Stipulation.

27.    Lead Counsel shall apply to this Court, on notice to Defendants' Counsel, for a Class Distribution Order, *inter alia*: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted;  and (b) if the Effective Date has occurred, directing payment of the Net Settlement Fund to the Authorized Claimants from the Escrow Account.  Payment and/or distribution of any of the Settlement Amount to Settlement Class Members shall be made only after the Effective Date.

28.    In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except Paragraphs 24 and 25) shall be null and void, the Stipulation shall be deemed terminated, and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

29.    The Court retains exclusive jurisdiction over the Action to, *inter alia*, consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2014

_____
The Honorable Lewis A. Kaplan
United States District Judge

13