UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/30/15

| | |
|---|---|
| IN RE WEATHERFORD INTERNATIONAL SECURITIES LITIGATION | 11 Civ. 1646 (LAK) (JCF)<br><br>CLASS ACTION |

## JUDGMENT AND ORDER APPROVING SETTLEMENT

This matter came for hearing on September 15, 2014 (the "Settlement Hearing"), on the application of the Settling Parties to determine (i) whether the terms and conditions of the Stipulation of Settlement and Release (the "Stipulation") between Lead Plaintiff American Federation of Musicians and Employers' Pension Fund ("AFME") and named plaintiff Georgia Firefighters' Pension Fund ("Georgia Firefighters" and, together with AFME, "Plaintiffs" or "Settlement Class Representatives"), on behalf of themselves and the Settlement Class, and defendants Weatherford International Ltd. ("Weatherford"), Bernard J. Duroc-Danner, Andrew P. Becnel, Jessica Abarca and Charles E. Geer, Jr. (collectively, "Defendants") are fair, reasonable, and adequate, and should be approved. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise, including the objections filed with respect thereto; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable as members of the Settlement Class, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and

1

*Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its findings in its prior Order dated April 1, 2014 (the "Notice Order"), that for purposes of the Settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Settlement Class Representatives and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court further affirms its determinations in the Notice Order and finally certifies, for purposes of the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of all Persons who purchased or otherwise acquired Weatherford common stock between April 25, 2007 and

March 1, 2011, inclusive, and who were allegedly damaged thereby. Excluded from the Settlement Class are Defendants and Weatherford's officers, affiliates, and directors, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which a Defendants has a controlling interest. Also excluded from the Settlement Class are the persons and/or entities who excluded themselves from the Settlement Class by filing a timely request for exclusion in accordance with the requirements set forth in the Notice and the Court's June 25, 2014 Order. A list of requests for exclusion received by the Claims Administrator is listed on Exhibit 1 annexed hereto.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, this Court affirms its findings in the Notice Order that the Settlement Class Representatives are adequate class representatives and finally certifies them as Settlement Class Representatives, and finally certifies the law firm of Kessler Topaz Meltzer & Check, LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

7. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed

Case 1:11-cv-01646-LAK-JCF   Document 284-1   Filed 01/21/15   Page 4 of 9

to all Persons who are Settlement Class Members, advising them of the Settlement, of Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action (including reimbursement of costs and expenses of the Settlement Class Representatives related to their representation of the Settlement Class), and of their right to object thereto, and a full and fair opportunity was accorded to all Persons who are Settlement Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Settlement Class Members who did not timely and validly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the dates set forth in the Notice and the Notice Order and the Court's June 25, 2014 Order or as otherwise accepted by the Court, are bound by this Judgment.

8.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby overrules all objections and approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, including Plaintiffs. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

9.    The Amended Complaint is hereby dismissed with prejudice as against Defendants and without costs against any of the parties, except for the payments expressly provided for in the Stipulation.

10.   Pursuant to this Judgment, upon the Effective Date, each of the Plaintiffs and all other Settlement Class Members, on behalf of themselves and their immediate family members,

heirs, executors, administrators, successors, and assigns, shall release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Party.

11.     Pursuant to this Judgment, upon the Effective Date, Defendants, on behalf of themselves and the other Released Parties, release and shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Parties' Claims against each and all of the Plaintiffs, any other Settlement Class Member and all of their respective counsel, including Lead Counsel, and shall forever be enjoined from prosecuting any or all of the Released Parties' Claims against Plaintiffs, any other Settlement Class Member and all of their respective counsel, including Lead Counsel.

12.     This Judgment, the Stipulation, and any of their terms and provisions, and any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

a.     shall not be offered or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b.     shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission

5

with respect to any statement or written document approved or made by any of the Released Parties, or against any of the Plaintiffs or any other Settlement Class Members as evidence of any infirmity in the claims of the Plaintiffs or the other Settlement Class Members;

  c. shall not be offered or received against any of the Released Parties or against any of the Plaintiffs or any other Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, or against any of the Plaintiffs or any other Settlement Class Members, in any other civil, criminal or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants, Plaintiffs and any other Settlement Class Member may file or refer to the Stipulation to effectuate the protection from liability granted them thereunder and/or by this Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppels, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or otherwise to enforce the terms of the Settlement;

  d. shall not be construed against any Released Parties, Plaintiffs or any other Settlement Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

  e. shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any other Settlement Class Member that any of

their claims are without merit or that damages recoverable under the Complaints would not have exceeded the Settlement Amount; and

   f. shall not be construed as or received in evidence as an admission, concession or presumption against Defendants that any of their defenses are without merit or that any damaged would have been recoverable under the Complaints.

  13. The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of the Settlement; (b) approving a plan of allocation; (c) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants, and the Settlement Class Representatives' request for reimbursement of costs and expenses directly related to their representation of the Settlement Class; (f) enforcing and administering this Judgment; (g) enforcing and administering the Stipulation including any releases executed in connection therewith; and (h) other matters related or ancillary to the foregoing.

  14. Separate Orders shall be entered regarding Plaintiffs' motion for approval of the proposed Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Such Orders shall not disturb or affect any of the terms of this Judgment.

  15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants (or such persons or entities responsible for funding the Settlement Amount), and such amount is not replaced, then this Judgment shall be rendered null and void to

the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of January 12, 2014; and (c) the Settlement Amount, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable, shall be returned as provided in the Stipulation.

16. Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: 1/30/15

_____
The Honorable Lewis A. Kaplan
United States District Judge

## EXHIBIT 1

1. John Danna
   Richardson, TX

2. William T. Meuret
   Helena, MT

3. Tova Shergold
   South Barrington, IL

4. Linda S. & Frank C. Maynard
   West Lebanon, NH

5. Linda S. & Frank C. Maynard
   West Lebanon, NH

6. Nancy R. & Bill N. Woody
   Verona, VA

7. Grant D. Setnicka
   Ojai, CA

8. Carol E. Roberts
   Wilton, CT

9. Cracker Barrel Old Country Store, Inc.
   Lebanon, TN

10. Virginia M. Goski
    Regina, SK
    Canada

11. Vern Triol
    Canada

12. Cindy & Bart Hunter
    Canada

13. James M. Thompson
    Fort Wayne, IN

14. Linda Eastcott
    Canada

15. Andrew A. Nicely
    Washington, DC

9